OPINION
{¶ 1} Defendant-appellant, Thomas L. Payne, appeals a decision of the Warren County Court of Common Pleas ordering that money seized from his residence be used to pay his court costs and attorney fees.
 {¶ 2} The Warren County Drug Task Force executed a search warrant on appellant's apartment on February 12, 2000 and seized cash and cocaine from the residence. Appellant was indicted on charges of possession of cocaine to which he pled guilty in October 2000. On December 18, 2002, appellant filed a motion for return of property, requesting that the court return the money seized from the apartment.
 {¶ 3} On January 21, 2003, the trial court issued a decision and entry which essentially denied appellant's motion. The trial court's entry states that "[t]he Court finds that the Warren County Drug Task Force seized one thousand eighty-four dollars and sixty-one cents ($1,184.61) from defendant. Said money has been held in evidence by the Warren County Drug Task Force since that time. It is hereby ORDERED that the full amount * * * shall be paid to the Warren County Clerk of Court in partial payment of court costs and attorney fees * * *." The trial court's decision does not provide any indication of what statutory authority it used to order that appellant's money should not be returned, nor does it provide any further factual findings.
 {¶ 4} Appellant now appeals the trial court's decision. In his pro se brief, appellant raises four assignments of error. In his first and fourth assignments of error, appellant essentially argues that the state failed to follow the forfeiture procedures in R.C. 2933.43 and was without statutory authority to order the money used to pay court costs and attorney fees.
 {¶ 5} Appellant's motion alleged that the return of his money was required under R.C. 2925.45(B) and 2933.43. As mentioned above, the court's order is completely silent regarding these provisions and what statutory provision it applied in making its determination.
 {¶ 6} We begin our analysis by noting that forfeitures are not favored by the law and the law requires that individual property rights must be favored when interpreting forfeiture statutes. Dept. of Liquor Control v. Sons of Italy Lodge 0917,65 Ohio St.3d 532, 1992-Ohio-17. "To that end, `statutes imposing restrictions upon the use of private property, in derogation of private property rights, must be strictly construed.'" Id., citing State v. Lilliock (1982),70 Ohio St.2d 23, 26.
 {¶ 7} Appellant argues that the state did not have authority to seize his property pursuant to the forfeiture procedure found in R.C. 2933.43. This statute provides the procedure for seizure and forfeiture of contraband by law enforcement officers. Subsection (C) of this section states that if a law enforcement officer determines that an item is contraband because of its relationship to the underlying offense, there can be no forfeiture unless the person pleads guilty or is convicted of the offense. Subsection (C) also provides that the forfeiture hearing "shall be held no later than forty-five days" after conviction. Strict compliance with the requirements of R.C. 2933.43(C) is required in order to afford due process. Dept. of Liquor Controlv. Sons of Italy Lodge 0917. Strenuous due process is particularly necessary when the status of the property as contraband is unclear. Id.
 {¶ 8} In this case, appellant was convicted in October 2000. The trial court did not hold a hearing regarding the money until January 21, 2003. Thus, the trial court was clearly outside of the 45-day requirement for forfeiture as provided in R.C.2933.43(C).
 {¶ 9} On appeal, the state responded to appellant's arguments by stating that there was no forfeiture, and that the trial court correctly disposed of the money pursuant to its power over confiscated property pursuant to R.C. 2933.41. This section provides the procedure for a trial court to dispose of property that has been held in evidence by a law enforcement agency. Although not strictly a forfeiture section, R.C. 2933.41 provides deprivation of the right to a person's property, and the Ohio Supreme Court has found that the effect of this section is as onerous as a forfeiture. State v. Lilliock,70 Ohio St.2d at 25. Thus, it is to be strictly construed, "keeping in mind the principle that forfeitures are not favored in law or equity." Id.
 {¶ 10} Specifically, the state argues that appellant has no right to the money pursuant to R.C. 2933.41(C)(1). Subsection (C)(1) provides that a person loses any right they have to possession and ownership of property if it is used in a criminal offense (other than a traffic offense) and the person is an offender, accomplice or conspirator in the offense. The state contends that because the money was used in connection with the charges against appellant for possession of cocaine, appellant lost his right to possession.
 {¶ 11} Even if we were to assume that this section applies to the facts of this case, there is no indication that the trial court considered that provision, or made the necessary factual findings that appellant lost possession of his property pursuant to R.C. 2933.41(C). The state's argument that because the money could be forfeited as contraband simply because it was seized in connection with charges for possession of cocaine is incorrect. Although it is possible to forfeit property under these facts, the court must find that the money has a significant nexus to the charges. E.g., State v. Roberts (1995), 102 Ohio App.3d 514;State ex rel. Mason v. $17,000 in U.S. Currency, Cuyahoga App. No. 80941, 2003-Ohio-993. There is no indication in the record that the money at issue was connected to appellant's possession of cocaine or any other criminal activity. Accordingly, we must find that the trial court was without statutory authority in making its order.
 {¶ 12} In conclusion, we find that appellant's first and fourth assignments of error alleging that the trial court was without statutory authority to order the confiscated money forfeited and used to pay court costs and attorney fees has merit. Because we must reverse the trial court's decision on this issue, appellant's other assignments of error are moot.
 {¶ 13} Judgment reversed and remanded to the trial court for further proceedings according to law and consistent with this opinion.
Valen, P.J., and Powell, J., concur.