OPINION
{¶ 1} This matter is before us on the appeal of Mary C. Rogers (Mary) from a trial court decision rejecting a request for a mistake of fact finding. In support of the appeal, Mary contends in a single assignment of error that "the trial court erred in denying Plaintiff-Appellant's request for a mistake of fact finding."
 {¶ 2} Before beginning our discussion, we note that Defendant-Appellee, Gary M. Rogers (Gary), failed to file a brief. Under such circumstances, we may accept an appellant's statement of facts as correct and reverse the judgment if the appellant's brief reasonably appears to sustain such an action. App.R. 18(C). Notably, however, we are not required to reverse.
 {¶ 3} The present appeal is the third involving these parties, who were divorced in 1998. The first appeal involved a motion for contempt that Mary brought over Gary's failure to pay about $204 in medical expenses. See Rogers v. Rogers (Apr. 10, 2000), Butler App. No. CA99-09-155, 2000 WL 3622001, *1. Next, Gary filed a motion for contempt based on Mary's alleged denial of visitation. However, the trial court dismissed Gary's motion because the parties had previously agreed to mediate issues before they filed any more complaints, charges, or lawsuits against each other. Although Gary appealed from the dismissal of the contempt motion, the appeal was later dismissed because Gary failed to file an appellate brief. Rogers v. Rogers (Apr. 6, 2004), Butler App. No. CA2003-06-143.
 {¶ 4} As we mentioned, the parties are now involved in their third appeal. This time, they are fighting about an administrative order that allegedly reallocated the percentages of uninsured medical expenses that each party must bear.
 {¶ 5} In addition to the above matters, the record contains numerous charges and countercharges. In fact, the animosity between these parties was so great that, for a time when the divorce was pending, neither parent was permitted to stay in the family home overnight with their six minor children. The animosity does not appear to have abated in any degree since 1998, when the final divorce decree was filed. When we checked the docket of this case on the website for the Butler County Clerk of Courts, we found that further filings have occurred since the date of the decision we are currently considering.
 {¶ 6} The present appeal involves the minor children only tangentially, as beneficiaries of payment for their medical expenses. However, in view of the record before us and the nature of the frequent appeals, it is worth noting that destructive parental behaviors may have long-range negative consequences on children. The Second District Court of Appeals has stressed in several cases that a divorce war:
 {¶ 7} "has no victors and the ultimate casualties are the children, who stand to suffer deeply and permanently unless their parents can learn to control their hostility and anger towards each other. * * * [C]hildren have certain rights, including "`the right to love each parent, without feeling guilt, pressure, or rejection; the right not to choose sides; the right to have a positive and constructive on-going relationship with each parent; and most important * * * the right to not participate in the painful games parents play to hurt each other or to be put in the middle of their battles.'" Bell v, Bell (June 5, 1998), Clark App. No. 97 CA 105, 1998 WL 288945 (citation omitted).
 {¶ 8} Turning now to the merits, the current dispute concerns an administrative decision by the Child Support Enforcement Agency (CSEA) that allegedly changed the allocation of responsibility for medical expenses. Under the shared parenting decree, the parties agreed to equally split the cost of any uninsured medical expenses. In March 2004, the CSEA modified the amount of child support, and also allegedly altered the percentage of each party's responsibility for uninsured medical expenses. After the CSEA findings were appealed, the trial court filed an entry, refusing to find any mistakes of fact.
 {¶ 9} Upon reviewing Mary's appellate brief and the trial court record, we noticed that the record did not contain any motion or appeal filed by Mary in connection with the CSEA decision. Specifically, the only pertinent document filed in the trial court is one that Gary filed on April 27, 2004, titled "motion to deviate from the child support guidelines, and also modify shared parenting decree." That motion was set for a "judicial mistake of fact" hearing on June 4, 2004.
 {¶ 10} Subsequently, Mary filed a memorandum opposing the motion that Gary had filed. In the memorandum, Mary noted that the CSEA had held an administrative hearing on March 22, 2004, and had ordered Gary to pay $800.36 in child support per month, plus processing charges. Mary asked the court to deny Gary's motion for a deviation from the child support guidelines. However, she did not mention the issue of uninsured medical expenses.
 {¶ 11} On June 4, 2004, Mary filed a motion to continue the mistake of fact hearing because she was going to be out of town. The trial court granted the motion and reset the hearing for July 27, 2004. Following the hearing, the trial court filed an entry on July 29, 2004, denying Mary's request for a mistake of fact finding, and denying Gary's request for a mistake of fact finding. This is the decision that Mary is currently appealing.
 {¶ 12} Unfortunately, the record fails to demonstrate that Mary raised the issue of uninsured health care expenses in the trial court. As we mentioned, Mary did not file a motion, nor did she appeal from the CSEA decision. Instead, she simply asked the trial court to overrule Gary's objection to the amount of child support ordered. Parties are clearly allowed to appeal CSEA administrative decisions to the appropriate court. See, e.g., Thomas v. Thomas, Lucas App. No. L-03-1267, 2004-Ohio-1031, at ¶ 10. Therefore, Mary could have filed an appeal with the trial court if she wanted to challenge the CSEA decision. Since Mary failed to raise the issue in the trial court, she has waived any objections. Jefferson County Child Support Enforcement Agency ex rel.Toma v. Harris, Jefferson App. No. 02 JE 22, 2003-Ohio-496, at ¶ 13 (noting that an appellant waives objections to a lower court decision by failing to raise matters prior to appeal).
 {¶ 13} The matter of medical expenses may have been discussed at the hearing. However, we have no way of knowing that, since Mary failed to file a transcript of the hearing. Under established law, an appellant "has the duty to file the transcript or such parts of the transcript as are necessary for evaluating the lower court's decision." Fox v. Fox
(Mar. 27, 1998), Greene App. No. 97-CA-87, 1998 WL 136165, *1, citing App.R. 9(B); and State v. Gray (1993), 85 Ohio App.3d 165, 170,619 N.E.2d 460. In the absence of a transcript, we cannot review an appellant's assignments of error. Fox, 1998 WL 136165, *1 (citation omitted).
 {¶ 14} Furthermore, although the trial court did deny Mary's claim of a mistake of fact, the entry does not reveal the nature of the alleged mistake that was raised. Consequently, we have no basis for reviewing the alleged error. Compare Williams v. Williams (June 6, 1997), Montgomery App. No. 16129, 1997 WL 311635, *2 (holding that where the record is insufficient to evaluate the merits of an appellate argument, the trial court judgment must be affirmed).
 {¶ 15} As a final matter, we note that the CSEA decision is not even part of the trial court record. Mary has attempted to overcome this deficiency by attaching a copy of the administrative decision to her brief. However, this violates the well-established rule that a "reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter." State v. Ishmail (1978), 54 Ohio St.2d 402, paragraph one of the syllabus.
 {¶ 16} The preceding discussion reveals various deficiencies that preclude meaningful appellate review of the trial court decision. Because Appellant is responsible for these defects, Appellant's assignment of error is overruled. Accordingly, the judgment of the trial court is affirmed.
 . . . . . . . . . . .
Fain, J., and Grady, J., concur.
Brogan, P.J., Fain, and Grady, JJ., of the Second Appellate District, sitting by assignment of the Chief Justice, pursuant to Section 5(A)(3), Article IV of the Ohio Constitution.