OPINION
{¶ 1} Defendant-appellant, Mary L. Spicer, appeals a divorce decree from the Butler County Court of Common Pleas, Domestic Relations Division, granting a divorce to plaintiff-appellee, Marcus Spicer.
 {¶ 2} Although she does not set forth specific assignments of error in her pro se brief, appellant's arguments suggest that the trial court erred by failing to award her spousal support and in the allocation of debts. Appellant also claims that the trial judge should have recused herself from the case because of bias. We will construe these arguments as assignments of error.
 {¶ 3} We begin our discussion by observing that appellant has not filed a transcript of proceedings in the case at bar or an alternative statement under App.R. 9(C) or (D).[1]
 {¶ 4} Appellant argues that the trial court's failure to award spousal support and the division of debts is not supported by the evidence. Appellant has the duty to file a transcript of proceedings or such parts of the transcript as are necessary to evaluate the lower court's decision. Rogers v. Rogers, Butler App. No. CA2004-08-207, 2005-Ohio-2661, ¶ 13. In the absence of an appropriate transcript of proceedings, an appellate court can not review the assigned error. Id.
 {¶ 5} When the portions of a transcript necessary for resolution of assigned errors are omitted from the record, a reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the regularity of the lower court's proceedings and affirm. BunnellElectric, Inc. v. Ameriwash, Warren App. No. CA2004-01-009,2005-Ohio-2502, ¶ 8, 9; Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197. See, also, Herrmann v. Herrmann (Nov.6, 2000) Butler App. Nos. CA99-01-006, CA99-01-011.
 {¶ 6} Given the absence of an appropriate record to support the assigned errors, we presume the regularity of the proceedings and affirm the lower court's denial of spousal support and allocation of debts.
 {¶ 7} Regarding appellant's claim that the trial judge should have recused herself from this case, it appears that no request was ever made to the lower court to take such action. Furthermore, no affidavit of disqualification was ever filed against the trial judge. See, R.C. 2701.03. Finally, an intermediate appellate court such as this one has no jurisdiction to consider claims of bias against a trial judge; such claims must be directed to the Chief Justice of the Ohio Supreme Court. See Beer v. Griffith (1978), 54 Ohio St.2d 440, 441-42.
 {¶ 8} For the reasons set forth above, appellant's assignments of error are overruled.
 {¶ 9} Judgment affirmed.
Walsh, P.J., and Bressler, J., concur.
[1] After the case had been fully briefed and was ready for submission to the court, appellant moved to supplement the record with a transcript of proceedings. We denied appellant's motion since it was filed at such a late stage of the proceedings, would have required new briefs from the parties, and would have essentially required the appeal to be relitigated in its entirety.