[Cite as *Barrow v. New Miami*, 2014-Ohio-5743.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


DOREEN BARROW, et al.,           :

     Plaintiffs-Appellees,           :          CASE NO. CA2014-04-092

                                     :             O P I N I O N
    - vs -                                  12/30/2014

                                     :

VILLAGE OF NEW MIAMI, et al.,       :

     Defendants-Appellants.        :


CIVIL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CV2013-07-2047


Rittgers & Rittgers, Charles H. Rittgers, 12 East Warren Street, Lebanon, Ohio 45036, Michael K. Allen & Associates, Michael K. Allen, Joshua A. Engel, 5181 Natorp Blvd., Suite 210, Mason, Ohio 45040, and Markovits, Stock & DeMarco, LLC, Paul M. DeMarco, 119 East Court Street, #530, Cincinnati, Ohio 45202, for plaintiffs-appellees, Doreen Barrow, Diane Woods, Michelle Johnson and Don Muirheid

Rendigs, Fry, Kiely & Dennis, LLP, Wilson G. Weisenfelder, Jr., James J. Englert, 600 Vine Street, Suite 2650, Cincinnati, Ohio 45202, for defendant-appellant, Village of New Miami and defendant, Kenneth Cheeks


**PIPER, J.**

     {¶ 1} Defendant-appellant, the village of New Miami (New Miami), appeals a decision of the Butler County Court of Common Pleas granting class certification to plaintiffs-appellees, Doreen Barrow and other similarly situated individuals (Plaintiffs).

{¶ 2} New Miami operates an Automated Speed Enforcement Program in its village. The enforcement program was meant to address the ongoing problem of motorists disobeying speed limits. New Miami's Council adopted Ordinance 1917 (the Ordinance), putting into action the enforcement program and setting forth its provisions for operation and implementation.

{¶ 3} The enforcement program works through a laser system that tracks and takes photos of a vehicle that is exceeding the posted speed limit. Two lasers are pointed at the middle of a lane, and the lasers measure the speed of each vehicle based on how long it takes a vehicle to travel a certain distance. If the motorist's speed is more than 46 m.p.h,, the machine photographs the license plate and the registered owner of that vehicle is sent a Notice of Liability. The system self-calibrates on a daily basis, and is calibrated by a technician on a yearly basis.

{¶ 4} New Miami's ordinance created a civil enforcement program that defined the basis for liability, civil penalties, collection of the penalty, and the basis for an administrative appeal. The Notice of Liability indicates that payment of the penalty is an admission of liability, and that such payment waives the right to a hearing, which would otherwise be conducted by a hearing officer appointed by New Miami's Mayor. The Notice of Liability also informs the motorist that a hearing may be requested wherein the motorist has the ability to challenge the penalty on the basis that the vehicle was stolen, someone else was driving the vehicle, it was a loaned vehicle, or the license plate was not clearly shown in the photos. Motorists have 30 days from the date of the violation to request a hearing. If a motorist wants to challenge the result of the hearing, the motorist can appeal to the Butler County Court of Common Pleas. Motorists who do not pay the penalty become subject to a late fee, are reported to a collection agency, and have their judgment reported to credit agencies.

{¶ 5} Plaintiffs in the current case are all motorists who were sent Notices of Liability,

indicating that they violated speed limits when driving within New Miami. Some of the Plaintiffs paid the penalty, admitting liability, and some did not. Plaintiffs collectively filed a complaint alleging in Count 1 that the Ordinance improperly divests the municipal court of jurisdiction over liability challenges. Count 2 alleges that the Ordinance violates the Ohio Constitution's guarantee of "due course of law." Plaintiffs asked in Count 3 for injunctive relief prohibiting continued enforcement of the Ordinance, while Count 4 seeks equitable restitution of civil penalties, fees, or charges paid by any plaintiffs who had paid penalties.

{¶ 6} The Plaintiffs moved the trial court to issue a class certification so that the case could proceed as a class action. New Miami contested the class certification, arguing that Plaintiffs had not fulfilled the necessary requirements. The parties briefed the issue for the trial court, and later held a lengthy discussion on the issue.[1] The trial court then issued a decision, certifying the class action and certifying two subclasses. Subclass One consists of all persons who have paid penalties imposed under the Ordinance, and is represented by Plaintiffs Diane Woods and Michelle Johnson. Subclass Two consists of all persons who have received a Notice of Liability but have not yet paid any penalties, and is represented by Michele McGuire.

{¶ 7} Subsequent to granting certification, the trial court considered the merits of the Plaintiffs' causes of action by considering the parties' cross-motions for summary judgment. The trial court granted summary judgment in favor of the Plaintiffs on their first three causes of action and denied New Miami's motion for summary judgment in the process. The trial court has not yet fully considered the Plaintiffs' fourth cause of action so that its decision on

---

1. The parties make reference to a two-hour hearing having occurred on February 25, 2014 in both their respective briefs, and at oral arguments. The record contains a journalization of a five-minute hearing on February 25, 2014, but does not otherwise indicate when the longer discussion occurred. Moreover, the record does not contain a transcript of the discussion or the hearing and this court cannot review what was addressed by the parties or the trial court.

the unjust enrichment claim is forthcoming. New Miami now appeals the trial court's decision to certify the class, raising the following assignment of error:[2]

{¶ 8} THE TRIAL COURT ERRED IN CERTIFYING A CLASS ACTION UNDER CIVIL RULE 23(B)(2), AND IN APPOINTING PLAINTIFFS WOODS AND JOHNSON AS SUBCLASS 1 REPRESENTATIVES AND PLAINTIFF MCGUIRE AS SUBCLASS 2 REPRESENTATIVE.

{¶ 9} New Miami argues in its assignment of error that the trial court erred in certifying the class and by appointing certain Plaintiffs as representatives for the two subclasses because the Plaintiffs lacked standing.

### Standing

{¶ 10} New Miami first challenges the standing of the subclass representatives Woods, Johnson, and McGuire.

{¶ 11} A class representative must have proper standing in order to fulfill the class membership prerequisite. "In order to have standing to sue as a class representative, the plaintiff must possess the same interest and suffer the same injury shared by all members of the class that he or she seeks to represent." *Hamilton v. Ohio Sav. Bank*, 82 Ohio St. 3d 67, 74 (1998). Therefore, a party has standing in a class certification case when that representative has "an action" for the claimed relief. *Id.*

{¶ 12} After reviewing the record, we find that the subclass Plaintiffs have standing to act as representatives because they have an action for the claimed relief. The subclass Plaintiffs also possess the same interests and have suffered the same injury shared by all members of the class that they seek to represent. We are not asked at this stage of the case

---

2. The appeal currently before this court does not address the merits of the trial court's grant of partial summary judgment on the first three causes of action. This appeal is specific to only class certification issues as permitted by R.C. 2505.02(B)(5), which grants the right to an interlocutory appeal.

whether the subclass Plaintiffs have a successful defense to the liability for speeding, nor are we asked whether the Plaintiffs' assertion that the Ordinance is unconditional has merit. Instead, we are only required to determine whether these representatives have an action for the relief sought.

{¶ 13}The record indicates that Plaintiffs Diane Woods and Michelle Johnson have standing to represent Subclass One because they were subject to the Ordinance and have paid the same penalties, fees, or other charges that others did under the Ordinance. Both Woods and Johnson hope to be reimbursed for the penalties they have incurred. New Miami suggests that Woods and Johnson lack standing because they have already paid the penalties, thus failing to avail themselves of the administrative hearing process. Despite the fact that Woods and Johnson chose to pay the fine and forego the administrative hearing process, Woods and Johnson have nonetheless been required to pay penalties because of the Ordinance and the manner in which New Miami chose to implement the speed enforcement program.

{¶ 14}The argument espoused by New Miami indirectly asks this court to decide the merits of whether the speed enforcement program offers adequate due process protections and the like. New Miami's argument requires us to determine first that the Ordinance's administrative hearing and appellate process is valid and would meet the due process rights of motorists who have been accused of speeding. However, such a finding would foreclose the Plaintiffs' arguments that the administrative body (and later appellate process) had no authority to proceed or to establish liability in the way set forth by the Ordinance.

{¶ 15}Similarly, we find that Subclass Two representative Michele McGuire also has standing. McGuire was sent a Notice of Liability but did not timely receive it because she had moved. Once McGuire received the Notice of Liability at her new address, the time to request an administrative hearing had passed and she was denied her request for a hearing

as being untimely.[3] New Miami now asserts that McGuire lacks standing because she failed to timey request a hearing, and like Johnson and Woods, has failed to exhaust the administrative process. Again, we disagree and find that McGuire has standing.

{¶ 16}The record indicates that McGuire possesses the same interest and has suffered the same injury as others in that she has been accused of speeding and must answer the Notice of Liability in an administrative proceeding that may deprive her of protections otherwise applicable in the municipal court system.[4] While McGuire has not paid any fines or penalties, she nonetheless is subject to penalties for speeding just as any other member of the class—regardless of whether that member has paid the penalty yet. McGuire, like all members of the class, is subject to the Ordinance and the processes set forth pursuant to the speed enforcement program. McGuire, as a class representative and member, can now assert her claim that she should not have been subject to the Ordinance because it is unconstitutional, and that fact remains true whether or not McGuire availed herself of the administrative process and whether or not McGuire has since paid the penalty.

{¶ 17}New Miami's argument creates a quintessential catch-22. Either the Plaintiffs lack standing because they have paid the penalties, or they lack standing because they have not paid their penalties. In either case, the fact that the Plaintiffs did not avail themselves of the administrative process does not change the fact that standing for class action certification is conferred upon any plaintiff that possesses the same interest and suffers the same injury shared by all members of the class that he or she seeks to represent. The record is clear

---

3. It appears that the time for requesting a hearing had passed through no fault or dilatory conduct on behalf of McGuire. Rather, McGuire had moved and the delay in her requesting a hearing was because her mail had been re-routed to her new address.

4. The unilateral imposition of the Ordinance's administrative proceedings presents colorable arguments that the administrative process denied the Plaintiffs certain rights otherwise due to them by proceedings in municipal court such as sufficiency of notice, shifting of the burden of proof, right to confrontation, and the right to remain silent.

that each subclass Plaintiff has been notified that he or she is subject to the Ordinance, an Ordinance each Plaintiff believes to be unconstitutional. Each subclass Plaintiff faces the same fate as all other members in being unilaterally forced to answer strictly through an ordinance that affords less notice and fewer personal protections routinely given citizens of a community through the jurisdiction of the municipal court.

{¶ 18} In the case sub judice, the standing inquiry is narrow, and limited to only whether the subclass Plaintiffs possess the same interest and suffered the same injury shared by all other members of the class. The record is clear that McGuire, Johnson, and Woods have suffered the same injury, and possess the same interests shared by all members. As such, the subclass Plaintiffs have standing

### Certification

{¶ 19} "A class action is an exception to the general rule that litigation is conducted by and on behalf of the named parties only, and therefore, to justify a departure from this rule, the representative of the putative class is required to affirmatively demonstrate that each requirement of Civ.R. 23 has been satisfied." *Cullen v. State Farm Mut. Auto. Ins. Co.*, 137 Ohio St.3d 373, 374, 2013-Ohio-4733, ¶ 2, citing *Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541, 2550 (2011).

{¶ 20} The Ohio Supreme Court has recognized that there are seven requirements to class action certification, essentially recognizing two implied elements in addition to the five express elements set forth in Civ.R. 23.

> (1) An identifiable class must exist and the definition of the class must be unambiguous; (2) the named representatives must be members of the class; (3) the class must be so numerous that joinder of all members is impracticable; (4) there must be questions of law or fact common to the class; (5) the claims or defenses of the representative parties must be typical of the claims or defenses of the class; (6) the representative parties must fairly and adequately protect the interests of the class; and (7) one of the three Civ.R. 23(B) requirements must be met.

*Stammco, L.L.C. v. United Tel. Co. of Ohio*, 125 Ohio St.3d 91, 2010-Ohio-1042, ¶ 6.

{¶ 21} Civ.R. 23(B) requires that the court make a finding that:

(1) the prosecution of separate actions by or against individual members of the class would create a risk of

(a) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class; or

(b) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or

(2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or

(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

{¶ 22} In order to certify a class, a trial court must find that all seven elements are met, and must do so by a preponderance of the evidence. *Warner v. Waste Mgt. Inc.*, 36 Ohio St.3d 91 (1988). A trial court's determination regarding class certification will not be disturbed absent a showing of an abuse of discretion. *Id.* An abuse of discretion is more than a mere error of law or judgment, instead requiring a finding that the trial court's decision is "unreasonable, arbitrary, or unconscionable." *State ex rel. Davis v. Pub. Emps. Retirement Bd.*, 111 Ohio St.3d 118, 2006-Ohio-5339.

{¶ 23} The Ohio Supreme Court has clearly expressed that a trial court's discretion when determining whether a class can be properly certified is not unlimited, and instead, is "bounded by and must be exercised within the framework of Civ.R. 23." *Howland v. Purdue*

*Pharma L.P.*, 104 Ohio St.3d 584, 2004-Ohio-6552, ¶ 25.  The *Howland* court went on to state that a "trial court is required to carefully apply the class action requirements and conduct a rigorous analysis into whether the prerequisites of Civ.R. 23 have been satisfied." *Id.*  The supreme court noted that the trial court in *Howland* had "failed to analyze or even mention any of the specific problems argued by the appellants," failed to analyze pertinent federal case law, and determined issues by "summarily" offering conclusory answers rather than a full analysis of the issues.  *Id.* at ¶ 21.

{¶ 24} In reversing, the *Howland* court specifically found that,

> where the trial court completely misconstrues the letter and spirit of the law, it is clear that the court has been unreasonable and has abused its discretion.  A trial court that dispenses with a party's arguments in such a fashion, fails to examine a well-established doctrine, and ignores nearly identical federal proceedings does not merely misconstrue the letter and spirit of the law--it ignores them.

*Id.* at ¶ 26.

{¶ 25} The trial court's opinion in the case at bar is similar to the one analyzed in *Howland*, as the trial court appeared to summarily adopt the Plaintiffs' conclusions and failed to address any of the legal assertions to the contrary.  Nor is there any articulation of a factual or legal analysis, and there is no discussion of relevant case law.

{¶ 26} New Miami does not challenge whether the class was sufficiently identifiable, too numerous for joinder to be practicable, or that the members can adequately protect the interest of the class.  As such, the trial court was not required to make extensive findings on these issues.  However, New Miami challenged the other elements required for class certification, including (1) whether there are questions of law or fact common to the class, (2) whether the claims or defenses are typical of the class, and (3) whether one of the three

Civ.R. 23(B) requirements have been met.[5] The trial court should have addressed these requirements in a way that demonstrated an analysis of the various issues.

{¶ 27} The record is deficient in providing us with insight as to the trial court's analysis so that a meaningful review is impossible. The requirements necessary for class certification would involve application of the facts pursuant to Civ.R. 23, and we cannot say whether the trial court abused its discretion when this court is unaware of what factual and legal analysis the trial court actually employed. If this court were to reach a decision as to the appropriateness of class certification with the record presented, we would be forced to supplant our judgment for that of the trial court, something the law does not permit. *Preece v. Stern*, 12th Dist. Madison Nos. CA2008-09-024, CA2008-12-029, 2009-Ohio-2519, ¶ 14.

{¶ 28} The trial court, in concluding that typicality existed, stated in full "the claims of the class representatives are typical of the other class members' claim in that the same practices and process that gave rise to the representative's claims also gave rise to the claims of the other class and subclass members * * *." However, the trial court never articulated or discussed what practices and process it was referencing. The trial court also stated, "all of their claims are based on the same legal theories, and no express conflict exists between the class representatives and the other class (and subclass) members." Again, however, the trial court gave no discussion of the legal theories the claims are based upon. Absent a more specific application of the facts with an analysis, we are unable to review the finding of typicality for an abuse of discretion. In order to find that a Civ.R. 23(B) requirement exists, the trial court must give discussion to why that particular finding is made and how it is based on the record.

---

5. Another requirement is that the named representatives be members of the class. While New Miami challenged this element, we have already established that the named representatives are members of the class through our discussion of the standing issue.

{¶ 29} The trial court relied on Civ.R. 23(B)(2) when making the final finding for class certification. However, the trial court did not explain *why* that factor applied. Nor did the trial court address pertinent case law that may call into question the applicability of Civ.R. 23(B)(2) when it appears that the Plaintiffs may be seeking different monetary damages in addition to an injunction against enforcement of the Ordinance. If the trial court makes the finding that Civ.R. 23(B)(2) applies, it must analyze the case law, that for example, indicates that class actions authorized by Civ.R. 23(B)(2) are inappropriate where the Ohio and United States Supreme Courts have stated that Civ.R. 23(B)(2)/Fed.R.Civ.P. 23(B)(2) "does not authorize class certification when each class member would be entitled to an individualized award of monetary damages." *Cullen v. St. Farm Mut. Auto. Ins. Co.*, 137 Ohio St.3d 373, 2013-Ohio-4733, ¶ 21. In the absence of an analysis, we are unware of the trial court's reasoning that may otherwise comport with relevant case law once explained by the trial court.

{¶ 30} Even before *Howland*, the Ohio Supreme Court expressed the importance of a rigorous analysis in class certification cases. *Hamilton v. Ohio Sav. Bank*, 82 Ohio St. 3d 67, 74 (1998). In *Hamilton,* the Ohio Supreme Court explained that there are compelling reasons for a trial court to make findings to support its decision. *Id.* at 70. The *Hamilton* Court reasoned that a trial court's failure to make such findings impedes an appellate court's ability to inquire into whether the relevant factors were properly applied and given appropriate weight. *Id.* at 71.

{¶ 31} For these same reasons, we reverse the decision of the trial court and remand the issue so that the trial court can articulate its rationale within the parameters of *Howland* and *Hamilton*. While this court is aware that a trial court is not required to make formal findings on every requirement within Civ.R. 23, we nonetheless must be given sufficient insight as to the trial court's thoroughness of considerations, or the depth of its analysis,

required by the rule and relevant case law.

{¶ 32} Judgment reversed and the cause is remanded for further proceedings consistent with this opinion.

RINGLAND, P.J., and HENDRICKSON, J., concur.