[Cite as *DaSilva v. DaSilva*, 2019-Ohio-2787.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| PAULO DASILVA, | : | |
| Appellee, | : | CASE NO. CA2018-08-172 |
| | : | O P I N I O N |
| - vs - | | 7/8/2019 |
| | : | |
| MARTHA DASILVA, | : | |
| Appellant. | : | |

APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case No. DR2003-08-0904

The Lampe Law Office, LLC, M. Lynn Lampe, Hanna B. Haddad, 9277 Centre Pointe Drive, Suite 100, West Chester, Ohio 45069, for appellee

Martha DaSilva, 7064 West Hamilton Place Drive, Apartment 1220, Liberty Township, Ohio 45069, pro se

**PIPER, J.**

{¶ 1}   Appellant, Martha DaSilva ("Mother"), appeals a decision of the Butler County Court of Common Pleas, Domestic Relations Division, modifying shared parenting and naming appellee, Paulo DaSilva ("Father"), residential parent.

{¶ 2}   The parties were married and had a child.  The couple later divorced and shared custody according to a shared parenting plan.  However, both moved to modify the

shared parenting plan after Mother accepted a job in Seattle, Washington and wanted to take the child with her. A magistrate considered the multiple motions filed by both parties regarding the modification of shared parenting, held a hearing over multiple days, and interviewed the child in camera.

{¶ 3} The magistrate named Father residential parent and ordered that Mother not take the child to Seattle with her. The magistrate also determined Mother's child support obligation given the change in parenting orders. Mother filed objections to the magistrate's decision, which were overruled by the trial court because Mother failed to file a transcript of the hearing. Mother appeals the trial court's order, raising several assignments of error for our review.

{¶ 4} Mother's assignments of error ask this court to review factual determinations of the domestic relations court, yet she has failed to file a transcript of the hearing with this court. According to App.R. 9(B)(3), the appellant has the burden to order a written transcript for this court to use in our review of the lower court's decision. App.R. 9(B)(4) provides that "if the appellant intends to present an assignment of error on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the weight of the evidence, the appellant shall include in the record a transcript of proceedings that includes all evidence relevant to the findings or conclusion."[1]

{¶ 5} Mother alleges "bullying, discrimination, hostility," bias, and prejudice against her by the magistrate and trial court, abuse of discretion by the magistrate and trial court regarding their decisions, as well as misapplication of law given the facts and circumstances of her relationship with the child and the child's relationship with Father. However, this court

---

1. Although Mother urges that we make an exception in her case, the word "shall" is mandatory because the transcript is crucial in deciding the issues raised. *Brown v. Brown*, 12th Dist. Madison No. CA2008-08-021, 2009-Ohio-2204.

is unable to review any of Mother's alleged errors without a transcript.[2]  Unfortunately for Mother, meaningful appellate review does not permit simply accepting one party's unsupported interpretation of the testimony and evidence as the only valid interpretation. When the portions of a transcript necessary for resolution of assigned errors are omitted from the record, a reviewing court has nothing to pass upon and thus the court has no choice but to presume the regularity of the lower court's proceedings and affirm.  *Spicer v. Spicer*, 12th Dist. Butler No. CA2005-10-443, 2006-Ohio-2402, ¶ 5.  Mother's assignments of error are therefore overruled.

{¶ 6}   Judgment affirmed.

RINGLAND, P.J., and S. POWELL, J., concur.

---

2. Mother gave notice that there would be no transcript filed according to this court's Loc.R. 5(A).  However, the act of filing notice does not change the well-settled law that an appellate court cannot determine whether the findings and orders of the trial court were an abuse of discretion without reviewing the proceedings that led to the trial court's decision.  *Lightning Rod Mut. Ins. Co. v. Gayheart*, 12th Dist. Fayette No. CA99-09-027, 2000 Ohio App. LEXIS 2052 (May 15, 2000).