[Cite as *Gerdes v. Gerdes*, 2020-Ohio-3405.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

|  |  |  |  |
|---|---|---|---|
| MARTIN GERDES, | : | | |
| Appellant, | : | | CASE NO. CA2019-07-106 |
| - vs - | : | | O P I N I O N<br>6/22/2020 |
| | : | | |
| ANNE GERDES, | : | | |
| Appellee. | : | | |

APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case No. DR2017-10-0903

Cook Howard Law, Ltd., Melynda Cook Howard, 1501 First Avenue, Middletown, Ohio 45044, for appellant

Anne Gerdes, 4366 Cherry Street, Oxford, Ohio 45056, pro se

**S. POWELL, P.J.**

{¶ 1} Appellant, Martin Gerdes ("Husband"), appeals a decision issued by the Butler County Court of Common Pleas, Domestic Relations Division, denying several motions Husband filed following his divorce from appellee, Anne Gerdes ("Wife"), wherein

Husband requested certain modifications be made to the parties' final divorce decree.[1] For the reasons outlined below, we reverse the domestic relations court's decision and remand for further proceedings.

{¶ 2} Husband and Wife were married on October 16, 1999. There were three children born issue of the marriage: D.G., born on July 17, 2000; J.G., born on May 1, 2003; and C.G., born on July 14, 2004. Husband and Wife were separated following a domestic violence incident that occurred on October 2, 2017. This incident resulted in criminal charges being brought against Mother and the issuance of a domestic violence civil protection order.[2]

{¶ 3} On October 13, 2017, Husband filed a complaint for divorce alleging the parties were incompatible. Husband also alleged that Wife was guilty of gross neglect of duty. Upon receiving Husband's complaint, the domestic relations court designated Husband as the children's temporary residential parent and ordered Wife to pay monthly child support to Husband.

{¶ 4} On December 7, 2018, the domestic relations court issued a decision on Husband's complaint for divorce finding the parties were entitled to a divorce on the grounds of incompatibility and named Husband as the residential parent and legal custodian of the children. The domestic relations court also ordered Husband to pay Wife a lump sum property settlement in the amount of $9,734.77.

{¶ 5} On December 19, 2018, the domestic relations court issued a supplemental decision. As part of this decision, the domestic relations court ordered Wife to pay $825.03

1. Wife did not file an appellee's brief. Pursuant to App.R. 18(C), when an appellee fails to file a brief, "in determining the appeal, the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action."

2. Wife was later convicted of domestic violence in violation of R.C. 2919.25(A), a first-degree misdemeanor. This court affirmed Wife's conviction in *State v. Gerdes*, 12th Dist. Butler No. CA2018-03-056, 2019-Ohio-913.

per month in child support to Husband, whereas Husband was ordered to pay $1,175 per month in spousal support to Wife.

{¶ 6} On January 18, 2019, the domestic relations court issued a judgment entry and decree of divorce setting forth its earlier orders requiring: (1) Husband to pay Wife a lump sum property settlement in the amount of $9,734.77; (2) Wife to pay Husband $825.03 per month in child support; and (3) Husband to pay Wife $1,175 per month in spousal support.

{¶ 7} Over the next several months, Husband filed several motions with the domestic relations court. These motions included a motion to modify spousal support, a motion to modify child support, and a motion to "review property judgment" that requested the domestic relations court: (1) "offset" the $9,734.77 lump sum property settlement he owed to Wife against the child support arrears Wife owed to him; (2) "offset" his monthly spousal support payment against Wife's monthly child support obligations since Wife was "not paying child support timely;" and (3) modify the amount of spousal support he owed to Wife due to the changing "tax implications" that totaled "approximately $2,500.00 annually."

{¶ 8} On May 20, 2019, the domestic relations court held a hearing on Husband's various motions. During this hearing, the domestic relations court heard testimony from both Husband and Wife. This included testimony from Husband claiming he was unable to afford his monthly spousal support obligation to Wife without Wife first paying her monthly child support obligation owed to him. Following this hearing, on June 3, 2019, both parties filed written closing arguments with the domestic relations court. As part of his closing arguments, Husband claimed that "[a]n offset from spousal support and child support is in the best interest of the minor children as well as equitable to both parties."

{¶ 9} On June 17, 2019, the domestic relations court issued a decision summarily denying each of Husband's motions. Approximately three weeks later, on July 12, 2019,

Husband moved the domestic relations court for findings of fact and conclusions of law. However, by the time Husband had filed this motion, Husband had already filed a notice of appeal with this court on July 8, 2019. Likely due to the fact Husband had already filed a notice of appeal, on July 17, 2019, the domestic relations court denied Husband's motion for findings of fact and conclusions by noting it had "considered all evidence and entered its decision(s)."

{¶ 10} Husband now appeals the domestic relations court's decision summarily denying his various motions, raising three assignments of error for review. Husband's three assignments of error are as follows:

{¶ 11} Assignment of Error No. 1:

{¶ 12} REFUSAL TO GRANT AN OFFSET OF THE APPELLANT'S OBLIGATION OF SPOUSAL SUPPORT WITH THE APPELLEE'S OBLIGATION OF CHILD SUPPORT WAS AN ABUSE OF DISCRETION.

{¶ 13} Assignment of Error No. 2:

{¶ 14} REFUSAL TO OFFSET THE PROPERTY SETTLEMENT LUMP SUM JUDGEMENT APPELLEE WAS TO RECEIVE FROM APPELLANT AGAINST THE CHILD SUPPORT ARREARAGES OWED BY APPELLEE CHILD SUPPORT OBLIGOR WAS AN ABUSE OF DISCRETION.

{¶ 15} Assignment of Error No. 3:

{¶ 16} THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING TO REDUCE SPOUSAL SUPPORT AWARD AS A RESULT OF THE TAX IMPLICATIONS RESULTING FROM A DECREE FILED AFTER JANUARY 1, 2019.

{¶ 17} In his first assignment of error, Husband argues the domestic relations court abused its discretion by denying his motion to "offset" his monthly spousal support obligation that he owed to Wife with the monthly child support obligation that Wife owed to

- 4 -

him. Similarly, in his second assignment of error, Husband argues the domestic relations court abused its discretion by denying his motion to "offset" the lump sum property settlement he owed to Wife with the child support arrearages Wife owed to him. Finally, in his third assignment of error, Husband argues the domestic relations court abused its discretion by denying his motion to modify his monthly spousal support obligation he owed to Wife when considering the tax implications changed after the domestic relations court issued its decision but before the final divorce decree was filed.

{¶ 18} Since Husband had already filed his notice of appeal by the time he moved the domestic relations court for findings of fact and conclusions of law, it was proper for the domestic relations court to summarily deny Husband's motion for findings of fact and conclusions of law. *See H.C. v. R.K.*, 9th Dist. Medina No. 14CA0103-M, 2016-Ohio-1572, ¶ 24 (appellant's "notice of appeal deprived the trial court of jurisdiction to act on her request for findings of fact and conclusions of law that she filed after the notice of appeal"). "Absent findings of fact or conclusions of law, we must presume regularity of the proceedings and proper application of the law by the trial court." *Mandzak v. Graves*, 12th Dist. No. Butler No. CA2009-06-173, 2010-Ohio-595, ¶ 10. That is to say, in the absence of findings of fact and conclusions of law, "we generally must presume that the trial court applied the law correctly and must affirm if some evidence in the record supports its judgment." *McCarty v. Hayner*, 4th Dist. Jackson No. 08CA8, 2009-Ohio-4540, ¶ 21, fn. 1.

{¶ 19} However, even when presuming the regularity of the proceedings, "'for this court to be able to conduct any meaningful review of the trial court's exercise of its discretion, we must be able to discern some basis for its decision.'" *In re Q.R.*, 12th Dist. Clinton No. CA2017-11-020, 2018-Ohio-4785, ¶ 14, quoting *In re Estate of Murray*, 11th Dist. Trumbull No. 2004-T-0030, 2005-Ohio-1892, ¶ 26. But, in this case, the domestic relations court did not provide any reasoning or analysis as to why it had decided to deny

Husband's various post-decree motions. In other words, the record provides no indication of the domestic relations court's basis for denying Husband's requests for the domestic relations court to: (1) "offset" the $9,734.77 lump sum property settlement he owed to Wife against the child support arrears Wife owed to him; (2) "offset" his monthly spousal support payment against Wife's monthly child support obligations since Wife was "not paying child support timely;" and (3) modify the amount of spousal support he owed to Wife due to the changing "tax implications" that totaled "approximately $2,500.00 annually."

{¶ 20} This court cannot perform a meaningful appellate review of the domestic relations court's decision absent a clear indication of the domestic relations court's underlying reasoning and analysis. *See Preece v. Stern*, 12th Dist. Madison Nos. CA2008-09-024 and 2008-09-029, 2009-Ohio-2519, ¶ 14. "[W]hen that analysis and clear reasoning is absent from the trial court's written opinion, it is impossible to review the decision without supplanting the trial court's judgment with our own." *Id.*; *Barrow v. New Miami*, 12th Dist. Butler No. CA2014-04-092, 2014-Ohio-5743, ¶ 27 (meaningful appellate review cannot be had where this court "would be forced to supplement our judgment for that of the trial court, something the law does not permit"). This holds true even though Wife did not file an appellee's brief. "[M]eaningful appellate review does not permit simply accepting one party's unsupported interpretation of the testimony and evidence as the only valid interpretation." *Dasilva v. Dasilva*, 12th Dist. Butler No. CA2018-08-172, 2019-Ohio-2787, ¶ 5.

{¶ 21} What prompted the domestic relations court to deny each of Father's various motions is unknown and requires this court to speculate as to the domestic relations court's reasoning. We decline to engage in such speculation. *See Wilhoite v. Kast*, 12th Dist. Warren No. CA2001-01-001, 2001 Ohio App. LEXIS 5996, *23 (Dec. 31, 2001) ("[a] meaningful review of a trial court's decision must be based on the record before us, not

mere conclusory assertions in an appellate brief"). Therefore, under these limited circumstances, this case must be reversed and remanded to the domestic relations court for further proceedings.

{¶ 22} Upon remand, the domestic relations court shall issue a decision that provides a clear indication of its reasoning behind its decision to deny Husband's various motions so that this court can, if necessary, perform a meaningful appellate review should the need arise. This decision shall include an explanation as to how it is in the children's best interest for Husband to pay Wife a lump sum property settlement in the amount of $9,734.77 when the record indicates Wife has paid little, if any, child support to Husband as the children's residential parent and legal custodian. Accordingly, without providing any opinion as to the merit of Husband's claims raised herein, Husband's three assignments of error are sustained to the extent outlined above.

Judgment reversed and remanded for further proceedings.

RINGLAND and PIPER, JJ., concur.