[Cite as *Gerdes v. Gerdes*, 2021-Ohio-344.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| MARTIN GERDES, | : | |
| Appellant, | : | CASE NO. CA2020-07-076 |
| | : | O P I N I O N |
| - vs - | | 2/8/2021 |
| | : | |
| ANNE GERDES, | : | |
| Appellee. | : | |


APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case No. DR17 10 0903

Cook Howard Law, Ltd., Melynda Cook Howard, 1501 First Avenue, Middletown, Ohio 45044, for appellant

Anne Gerdes, 4366 Cherry Street, Oxford, Ohio 45056, pro se

**HENDRICKSON, P.J.**

{¶1}   Martin Gerdes appeals from the decision of the Butler County Domestic Relations Court, which denied his requests to modify spousal support due to a change in circumstances, offset spousal support against unpaid child support, and offset a property equalization payment, also against unpaid child support.  For the reasons discussed below, this court affirms the domestic relations court.[1]

---

1. Pursuant to Loc.R. 6(A), we have sua sponte removed this case from the accelerated calendar.

{¶2} Martin and his former spouse, Anne Gerdes, married in 1999. Three children were born of the marriage.[2] In 2017, authorities charged Anne with domestic violence against Martin and Martin thereafter filed for divorce.[3] The divorce was contentious, involving extensive discovery, numerous motions, and multiple contested hearing dates. The court issued a decree of divorce in January 2019.

{¶3} The decree named Martin residential parent and ordered Anne to pay child support in the amount of $825.03 per month. Due to a disparity in income and the length of the marriage, the decree required Martin to pay Anne spousal support in the amount of $1,175 per month for 48 months. The decree provision on spousal support indicated that Martin's support payments were intended to be tax deductible. The decree further provided that if Martin's support payments were determined to be nondeductible, then the domestic relations court "shall retain jurisdiction to modify the spousal support order to equitably adjust the obligation and maintain the net consequences of the payments set forth herein." The decree also provided that Martin was to pay Anne a lump sum property equalization payment in the amount of $9,734.77, which payment represented Anne's interest in the marital home, which Martin would retain.

{¶4} Less than a month after the court issued the decree, Martin moved the court to modify the spousal support order in light of "tax implications." He further moved the court to permit him to offset the property equalization payment against the amount of Anne's arrears in child support. Finally, he requested that the court offset his ongoing spousal support payment against the amount of Anne's monthly child support payment, which she was not paying.

---

2. One of the children is now an adult and the other two are teenagers nearing adulthood.

3. Anne was convicted of domestic violence, which conviction this court affirmed on appeal. *State v. Gerdes*, 12th Dist. Butler No. CA2018-03-056, 2019-Ohio-913.

{¶5} Anne then filed several motions, including a request to establish a withholding order for Martin's spousal support payment and for contempt for Martin's nonpayment of spousal support. Martin responded with his own motion for contempt for Anne's non-payment of child support.

{¶6} The court held an evidentiary hearing. Martin testified that the "tax implications" were that under the current tax laws he could not deduct his spousal support payments and this would reduce his tax refund amount by approximately $2,500. He arrived at this figure by comparing two versions of his 2018 tax return; in one version, he deducted spousal support payments from gross income and in the other he did not deduct the payments.

{¶7} Martin admitted that he did not pay spousal support to Anne for several months after the divorce decree issued. He claimed he had no money available. However, he was currently paying spousal support because the payment was being withheld from his paycheck. He further testified that Anne had not been paying child support and was currently approximately $10,000 in arrears, which included a pre-decree temporary child support obligation that she had not paid. Martin asked the court to allow him to offset the $9,734.77 he owed to Anne for the property equalization payment against Anne's arrears. Martin further asked that his ongoing spousal support payment be offset against the amount of Anne's monthly child support payment. Martin testified that due to the lack of child support, he was having to "cut corners" and borrow money to support the children.

{¶8} Anne testified that she initially planned to pay child support, and she would have been able to do so if Martin had paid spousal support. However, even after she began receiving Martin's spousal support payments through the withholding order, she did not pay child support. She claimed that she was spending the spousal support money on the children for when they were with her.

{¶9} Anne testified that she lost her job as a teacher because of the domestic violence case. She claimed that the child support payment amount had been based on her previous income as a teacher. However, she was now earning $10.50 an hour in a part-time position as a server at a retirement community. Anne said it was impossible for her to pay the child support payment.

{¶10} The domestic relations court subsequently issued a decision and order in which it summarily dismissed, without explanation, the majority of Martin's outstanding motions related to spousal support and the property equalization payment. Martin appealed and this court reversed on the basis of a lack of a clear indication of the court's reasoning and analysis, thereby preventing meaningful appellate review.[4]

{¶11} On remand, the court issued a decision in which it indicated it had found that Martin failed to show how an offset of his obligations under the decree would be in the children's best interest. The court additionally found that Martin's argument concerning "tax implications" was disingenuous and self-serving. The court observed that both parties disregarded the court's orders, blamed one another, and had engaged in conduct that was contrary to their children's best interest. The court additionally incorporated the findings of a magistrate from a subsequent contempt proceeding, where both Martin and Anne were found in contempt for failure to meet their respective obligations under the decree.[5] Ultimately, the court found that any potential benefit of an offset would be minimal and would not serve the children's best interest. Martin appeals, raising two assignments of error.[6]

---

4. *Gerdes v. Gerdes*, 12th Dist. Butler No. CA2019-07-106, 2020-Ohio-3405, ¶ 20.

5. The court did not include a ruling on the competing contempt motions in its initial decision. Instead, it referred those motions to be heard at a later date before a magistrate. The magistrate's decision, recommending finding both parties in contempt, was later adopted by the court. The contempt decision is not the subject of this appeal.

6. Anne did not file a brief or otherwise participate in this appeal.

{¶12} Assignment of Error No. 1:

{¶13} REFUSAL TO GRANT AN OFFSET OF THE APPELLANT'S FATHER'S OBLIGATION OF SPOUSAL SUPPORT WITH THE APPELLEE MOTHER'S OBLIGATION OF CHILD SUPPORT WAS AN ABUSE OF DISCRETION.

{¶14} REFUSAL TO OFFSET THE PROPERTY SETTLEMENT LUMP SUM JUDGEMENT APPELLEE WAS TO RECEIVE FROM APPELLANT AGAINST THE CHILD SUPPORT OBLIGOR WAS AN ABUSE OF DISCRETION.

{¶15} Martin argues that the court abused its discretion when it found that he failed to show that an offset of his spousal support payment would be in the children's best interest. He contends that offsetting spousal support against the amount of Anne's child support payment would reduce his monthly spousal support payment to less than $350, which would "ensure child support was paid and ensure spousal support was paid." Martin further contends that the court abused its discretion by not offsetting the property equalization payment he owed Anne by the amount of her arrears in child support.

{¶16} A trial court has broad discretion in determining a spousal support award and that discretion would extend to the decision on whether to offset or modify an existing award. *See Donlon v. Lineback*, 12th Dist. Warren Nos. CA2016-03-015 and CA2016-03-016, 2016-Ohio-7739, ¶ 9; *Burns v. Burns*, 12th Dist. Warren No. CA2011-05-050, 2012-Ohio-2850, ¶ 17. Accordingly, this court reviews for an abuse of discretion, which implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶17} This court finds that the domestic relations court's decision does not rise to the level of unreasonable, arbitrary, or unconscionable. It appears that neither Martin nor Anne ever intended to voluntarily abide by the decree provisions relating to spousal support, child support, and property division. Martin only began paying spousal support when he

was forced to through withholding. Anne never voluntarily paid any child support. She also apparently had no income that could be withheld.

{¶18} Martin claimed that his spousal support payment was causing him to "cut corners" and borrow money, but other than this testimony, Martin failed to present any evidence of his finances corroborating an inability to pay or establishing a negative impact on the children. Martin also failed to present any evidence that complying with the decree's provision on property equalization would cause the children to suffer.

{¶19} This court has explained that "[s]pousal support is for the sustenance and support of the former spouse and is independent of child support." *Woodrome v. Woodrome*, 12th Dist. Butler No. CA2000-05-074, 2001 WL 290067, *4 (Mar. 26, 2001). Due to the "entirely different purposes" of child support and spousal support, this court found that a domestic relations court did not abuse its discretion when it chose not to offset child support payments against arrearages in spousal support. *Id*. The same rationale would justify the domestic relation's court discretionary decision here. For the foregoing reasons, this court overrules Martin's first assignment of error.

{¶20} Assignment of Error No. 2:

{¶21} THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING [THE REQUEST] TO REDUCE [THE] SPOUSAL SUPPORT AWARD AS A RESULT OF THE TAX IMPLICATIONS RESULTING FROM A DECREE FILED AFTER JANUARY 1, 2019.

{¶22} Martin contends that the court abused its discretion when it denied his motion to modify spousal support based upon his inability to deduct spousal support payments from his gross income. Martin argues that his spousal support payments were intended to be tax deductible but were not because the decree was entered after December 31, 2018, when a change in federal tax treatment of spousal support payments became effective, rendering his payments to Anne nondeductible.

{¶23} According to R.C. 3105.18(E), a trial court can modify spousal support if the court determines that the circumstances of either party have changed and the parties' divorce decree contained a provision specifically authorizing the court to modify the spousal support order. R.C. 3105.18(F)(1) provides that "a change in the circumstances of a party includes, but is not limited to, any increase or involuntary decrease in the party's wages, salary, bonuses, living expenses, or medical expenses, or other changed circumstances * * *." The statute further requires that the change in circumstances be "substantial and makes the existing award no longer reasonable and appropriate." R.C. 3105.18(F)(1)(a). The change in circumstances must not have been "taken into account by the parties or the court as a basis for the existing award when it was established or last modified, whether or not the change in circumstances was forseeable [sic]." *Id.*

{¶24} The domestic relations court is afforded broad discretion in making the determination of whether a substantial change of circumstances has occurred. *Wiggins v. Wiggins*, 12th Dist. Warren No. CA92-12-110, 1993 WL 386305, *2 (Sept. 27, 1993). This court has found that a retirement from employment or a termination from employment, both of which resulted in a significant change in income to the obligor spouse, met the applicable standard for a change in circumstances. *Wiggins* at *3; *Hill v. Hill*, 12th Dist. Clermont No. CA2004-08-066 and CA2004-09-069, 2005-Ohio-5370 ¶ 11.

{¶25} Here, the divorce decree reserved jurisdiction for the court to modify the spousal support order. However, Martin supplied the court with minimal argument or evidence indicating how the tax treatment constituted a substantial change in circumstances and made the existing award no longer reasonable and appropriate. Martin's testimony on this subject was limited to claiming that his tax refund would be reduced by approximately $2,500, based upon an examination of a prior year tax return, and that he wanted the court to "consider" the tax implications. There was no evidence presented

indicating that the change affected Martin's ability to pay spousal support. This court does not find that Martin put forth sufficient evidence of a substantial change in circumstances that would merit disturbing the finality of the support order.

{¶26} Additionally, the domestic relations court retained jurisdiction to modify the spousal support order insofar as it determined that such a modification would be equitable. The court found that Martin's claims concerning "tax implications" was disingenuous and self-serving. Assuming that the parties were in fact unaware of the change in tax law at the time of the decree, there is no evidence that any delay in entering the decree was attributable to the domestic relations court and it appears any delay in this case was largely attributable to the parties. Martin filed for divorce in 2017, and, as noted by the court, the divorce was highly contentious, the parties engaged in extensive discovery, and litigated over 38 motions. The court found that both parties had acted unreasonably, thus leading to a protracted divorce proceeding. Thus, the court would also be justified in refusing to modify the spousal support award on the basis of equity. This court overrules Martin's second assignment of error.

{¶27} Judgment affirmed.

S. POWELL and PIPER, JJ., concur.