[Cite as *Blue Ash Auto, Inc. v. Progressive Cas. Ins. Co.*, 2016-Ohio-7965.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### Nos. 104251 and 104252

---

# BLUE ASH AUTO, INC., ET AL.

**PLAINTIFFS-APPELLANTS**

vs.

# PROGRESSIVE CASUALTY INS. CO., ET AL.

**DEFENDANTS-APPELLEES**

---

### JUDGMENT:
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CV-12-791816 and CV-14-821172

**BEFORE:** E.A. Gallagher, P.J., Boyle, J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** December 1, 2016

**ATTORNEYS FOR APPELLANT**

James B. Rosenthal
Joshua R. Cohen
Cohen Rosenthal & Kramer
Hoyt Block Building, Suite 400
700 West St. Clair Avenue
Cleveland, Ohio 44113

Dennis A. Becker
526 Wards Corner Road
Suite A
Loveland, Ohio 45140

Erica L. Eversman
Eversman Law Offices
846 N. Cleveland Massillon Road
Akron, Ohio 44333

Peter D. Traska
Traska Law Firm, L.L.C.
4352 Pearl Road, Suite A
Cleveland, Ohio 44109


**ATTORNEYS FOR APPELLEES**

Michael Edward Mumford
Ernest E. Vargo
Baker & Hostetler L.L.P.
Key Tower, Suite 2000
127 Public Square
Cleveland, Ohio 44114

Michael R. Nelson
Sutherland Asbill & Brennan L.L.P.
1114 Avenue of the Americas
40th Floor
New York, New York 10036

EILEEN A. GALLAGHER, P.J.:

{¶1} Plaintiffs-appellants Blue Ash Auto, Inc., Finney Automotive Company, Inc., Russell Westfall and Westfall Auto Sales L.L.C., appeal the decision of the Cuyahoga County Court of Common Pleas denying class action certification on their claims against defendants-appellees (collectively, "Progressive"). For the following reasons, we affirm.

**Facts and Procedural Background**

{¶2} In this consolidated class action case, appellants are independent auto body shops that have performed repairs on vehicles insured under the policies of Progressive. Appellants allege that Progressive tortiously interferes with their business practices by dictating what services and parts it is willing to pay for when appellants are tasked with repairing a Progressive insured automobile. Appellants also allege that Progressive dictates the labor rates that it is willing to pay without regard to a particular shop's rates. Apellants allege that these limitations do not necessarily allow for them to restore an insured's car to its original, pre-loss condition and that the limitations violate both Ohio law and Progressive's own insurance policies. Appellants seek damages for parts and labor expended in excess of Progressive's limitations. Appellants also seek declaratory relief in the form of an order requiring Progressive to indemnify them from any liability arising from their compliance with Progressive's restrictions.

**{¶3}** Progressive argues that its practices are part of the competitive market for auto repair services in Ohio and that its own "Direct Repair Program" ("DRP") auto body shops are able to repair an insured's vehicle to its pre-loss condition under the same terms offered to plaintiffs.

**{¶4}** Appellants sought to prosecute their claims for tortious interference and declaratory judgment on behalf of the following class:

> All Ohio registered auto body repair shops, or registered individuals, with the exception of those members of Progressive's Direct Repair Program that have performed physical auto body repairs paid for directly or indirectly, partially or in full, by Progressive as a result of Automobile insurance policies issued by Progressive, from August 7, 2005 through present.

**{¶5}** The trial court denied class certification on both of appellants claims finding that appellants failed to meet their burden under four of the seven requirements set forth in Civ.R. 23(A).

**Law and Analysis**

**{¶6}** Appellants first assignment of error argues that the trial court abused its discretion in holding that appellants failed to satisfy the prerequisites of Civ.R. 23(A). Under applicable law, this assignment of error necessarily overlaps with both appellants second and third assignments of error. Therefore, we address it within our analysis of those errors.

**{¶7}** We note that we do not reach the merits of appellants claims against Progressive. This appeal is strictly limited to reviewing the trial court's decision to deny

class certification. We consider the substance of appellants claims only to the extent that they have a relevant bearing on that analysis.

**Standard of Review for Class Certification under Civ.R. 23**

{¶8} A trial court has broad discretion in determining whether to certify a class action, and an appellate court should not disturb that determination absent an abuse of discretion. *Marks v. C.P. Chem. Co.*, 31 Ohio St.3d 200, 509 N.E.2d 1249 (1987), syllabus. That discretion, however, is not unlimited. It must be exercised within the framework of Civ.R. 23. *Hamilton v. Ohio Sav. Bank*, 82 Ohio St.3d 67, 70, 694 N.E.2d 442 (1998). "'A determination by a trial court regarding class certification that is clearly outside the boundaries established by Civ.R. 23, or that suggests that the trial court did not conduct a rigorous analysis into whether or not the prerequisites of Civ.R. 23 are satisfied, will constitute an abuse of discretion.'" *Mozingo v. 2007 Gaslight Ohio, L.L.C*, 9th Dist. Summit Nos. 26164 and 26172, 2012-Ohio-5157, ¶ 8, quoting *Hill v. Moneytree of Ohio, Inc.*, 9th Dist. Lorain No. 08-CA-009410, 2009-Ohio-4614, ¶ 9.

{¶9} The application of the abuse of discretion standard to a trial court's decision to certify a class "is grounded not in credibility assessment, but in the trial court's special expertise and familiarity with case-management problems and its inherent power to manage its own docket." *Hamilton* at 70. "[A]ny doubts about adequate representation, potential conflicts, or class affiliation should be resolved in favor of upholding the class, subject to the trial court's authority to amend or adjust its certification order as developing circumstances demand, including the augmentation or

substitution of representative parties." *Baughman v. State Farm Mut. Auto. Ins. Co.*, 88 Ohio St.3d 480, 487, 727 N.E.2d 1265 (2000); *Gattozzi v. Sheehan*, 2016-Ohio-5230, 57 N.E.3d 1187, ¶ 17 (8th Dist.). An abuse of discretion occurs where the trial court's decision is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**Requirements for Class Certification under Civ.R. 23(A)**

{¶10} Seven prerequisites must be met before a class may be properly certified as a class action under Civ.R. 23: (1) an identifiable class must exist and the definition of the class must be unambiguous; (2) the named plaintiff representatives must be members of the class; (3) the class must be so numerous that joinder of all the members is impracticable; (4) there must be questions of law or fact common to the class; (5) the claims or defenses of the representatives must be typical of the claims or defenses of the class; (6) the representative parties must fairly and adequately protect the interests of the class; and (7) one of the three requirements under Civ.R. 23(B) must be met. *Hamilton*, 82 Ohio St.3d at 71, 694 N.E.2d 442, citing *Warner v. Waste Mgmt.*, 36 Ohio St.3d 91, 96, 521 N.E.2d 1091 (1988); Civ.R. 23.

{¶11} The party seeking to maintain a class action "has the burden of demonstrating that all factual and legal prerequisites to class certification have been met." *Repede v. Nunes*, 8th Dist. Cuyahoga Nos. 87277 and 97469, 2006-Ohio-4117, ¶ 14, citing *Gannon v. Cleveland*, 13 Ohio App.3d 334, 335, 469 N.E.2d 1045 (8th Dist.1984); *see also Cullen v. State Farm Mut. Auto. Ins. Co.*, 137 Ohio St.3d 373, 2013-Ohio-4733,

999 N.E.2d 614, ¶ 15 ("a party seeking certification pursuant to Civ.R. 23 bears the burden of demonstrating by a preponderance of the evidence that the proposed class meets each of the requirements set forth in the rule."). If the party seeking to maintain a class fails to meet any one of the Civ.R. 23 requirements, class certification must be denied.

**"Rigorous Analysis"**

{¶12} The trial court is required to "carefully apply the class action requirements" and to conduct a "rigorous analysis" into whether the prerequisites for class certification under Civ.R. 23 have been satisfied. *Hamilton* at 70. This entails "resolv[ing] factual disputes relative to each [Civ.R. 23] requirement and to find, based on those determinations, other relevant facts, and the applicable legal standard, that the requirement is met." *Cullen* at ¶ 16. This "rigorous analysis" often requires the trial court to "[look] into the enmeshed legal and factual issues that are part of the merits of the plaintiff's underlying claims," *Felix v. Ganley Chevrolet, Inc.*, 145 Ohio St.3d 329, 2015-Ohio-3430, 49 N.E.2d 1224, ¶ 26, considering "what will have to be proved at trial and whether those matters can be presented by common facts," *Cullen* at ¶ 17. However, the trial court may examine the underlying merits of the plaintiff's claims only to the extent necessary to determine whether the plaintiff has satisfied the Civ.R. 23 requirements. *Id.*; *Felix* at ¶ 26; *Stammco, L.L.C. v. United Tel. Co. of Ohio*, 136 Ohio St.3d 231, 2013-Ohio-3019, 994 N.E.2d 408, ¶ 44. The abuse of discretion standard

applies both to the trial court's "ultimate decision" regarding class certification as well as its determination regarding each of the Civ.R. 23 requirements.

{¶13} The two arguments presented by appellants are that the trial court erred in denying class certification on (1) their declaratory judgment claim and (2) their tortious interference claim. Subsumed within these arguments is appellants first assignment of error. Pursuant to the seventh requirement for class certification under Civ.R. 23(A), the trial court found that the above claims failed to satisfy the requirements of Civ.R. 23(B)(2) and (B)(3), respectively. For the reasons set forth below, we find no abuse of discretion in the trial court's conclusions.

## I. Class Certification of Appellants Declaratory Judgment Claim

{¶14} The trial court found that appellants proposed class certification of their declaratory judgment claim did not satisfy the requirements of Civ.R. 23(B)(2).

{¶15} Civ.R. 23(B)(2) provides that class treatment may be maintained when "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." "Claims for individualized relief are not compatible with Civ.R. 23(B)(2) because the relief sought must affect the entire class at once." *WalMart Stores, Inc. v. Dukes*, 564 U.S. 338, 131 S.Ct. 2541, 180 L.Ed.2d 374 (2011). In other words:

[Civ.R. 23(B)(2)] applies only when a single injunction or declaratory judgment would provide relief to each member of the class. It does not

authorize class certification when each individual class member would be entitled to a different injunction or declaratory judgment against the defendant. Similarly, it does not authorize class certification when each class member would be entitled to an individualized award of monetary damages.

*Cullen,* 137 Ohio St.3d 373, 2013-Ohio-4733, 999 N.E.2d 614, ¶ 21, quoting *Walmart* at 2557.

**{¶16}** Furthermore, certification depends on "what type of relief is primarily sought, so where the injunctive relief is merely incidental to the primary claim for money damages, Civ.R. 23(B)(2) certification is inappropriate." *Id.* at ¶ 22, quoting *Wilson v. Brush Wellman, Inc.*, 103 Ohio St.3d 538, 2004-Ohio-5847, 817 N.E.2d 59, ¶ 17.

**{¶17}** Here the trial court concluded that appellants cannot maintain their Civ.R. 23(B)(2) declaratory judgment claim because it is merely incidental to their damages claim. Appellants argue that the injunctive relief sought under their Civ.R. 23(B)(2) claim is separate and inverse from the damages sought under their Civ.R. 23(B)(3) tortious interference claim. Appellants argue that their Civ.R. 23(B)(2) claim seeks indemnification for potential liability arising from their adherence to Progressive's mandates while their Civ.R. 23(B)(3) claim seeks unrelated damages for situations in which they perform necessary repairs notwithstanding Progressive's refusal to pay.

**{¶18}** While the two types of damages may be distinguishable, we find this to be a distinction without difference. Appellants Civ.R. 23(B)(2) claim would lead to

individualized awards of monetary damages for each class member in the event that a class member were to be sued for an allegedly faulty repair.   More importantly, the Ohio Supreme Court denied   Civ.R. 23(B)(2) class certification under substantially the same circumstances in *Cullen* holding that "claims for declaratory relief that merely lay a foundation for subsequent determinations regarding liability or that facilitate an award of damages do not meet the requirement for certification as set forth in Civ.R. 23(B)(2)." *Cullen* at ¶ 27, citing *Kartman v. State Farm Mut. Auto. Ins. Co.*, 634 F.3d 883, 893 (7th Cir.2011) ("this case is unsuitable for class certification: An injunction would not provide "final" relief as required by Rule 23(B)(2). An injunction is not a final remedy if it would merely lay an evidentiary foundation for subsequent determinations of liability").

{¶19} It is easy to understand the Supreme Court's hesitance to so extend   Civ.R. 23(B)(2) class certifications where, as here, establishing the applicability of the desired indemnification would require a case-by-case analysis of facts pertinent to the repair. Whether Progressive rightfully or wrongfully refused to pay for a particular service or part would need to be examined in each instance of an allegedly faulty repair.   A myriad of other issues would also need to be resolved as well.   Causation in particular would be a case-by-case dispute that cannot be resolved by the appellants desired relief.   For example: Was the allegedly defective repair in a particular incident due to Progressive's mandates or the body shop's own negligent labor performance within those mandates? Was the shop's desired service or part appropriate and necessary for each particular repair that is later deemed faulty? How can the trial court deem that Progressive is always liable

when it and the shop diverge on the manner or type of repair to be performed without the individualized context of every possible car repair that may occur? As the trial court noted, any indemnification would be premised on an initial decision that the estimate provided by Progressive was inadequate based on the unique facts of each case. These issues simply cannot be resolved on a class-wide basis with any finality without considering the facts pertinent to a particular instance of negligent repair.

{¶20} Because appellants' desired declaration would merely lay the foundation for subsequent individualized determinations of liability, we cannot say the trial court abused its discretion in denying class certification on appellants Civ.R. 23(B)(2) declaratory judgment claim.

{¶21} Appellants second assignment of error is overruled. Appellants first assignment of error is also denied as it applies to the Civ.R. 23(B)(2) class certification.

**II. Class Certification of Appellants Tortious Interference Claim**

{¶22} The trial court also found that appellants proposed class certification of their tortious interference claim did not satisfy the predominance requirement of Civ.R. 23(B)(3).

{¶23} For a class action to be certified under Civ.R. 23(B)(3), the trial court must make two findings: (1) that "the questions of law or fact common to the members of the class predominate over any questions affecting only individual members" and (2) that "a

class action is superior to other available methods" for the fair and efficient adjudication of the controversy. Civ.R. 23(B)(3).

**{¶24}** A "key purpose" of the predominance requirement "is to test whether the proposed class is sufficiently cohesive to warrant adjudication by representation." *Felix v. Ganley Chevrolet, Inc.*, 145 Ohio St.3d 329 2015-Ohio-3430, 49 N.E.3d 1224, ¶ 35, citing *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997). "'For common questions of law or fact to predominate it is not sufficient that such questions merely exist; rather, they must represent a significant aspect of the case." *Cullen,* 137 Ohio St.3d 373, 2013-Ohio-4733, 999 N.E.2d 614, ¶ 30, quoting *Marks v. C.P. Chem. Co.*, 31 Ohio St.3d 200, 204, 509 N.E.2d 1249 (1987). They must also be "capable of resolution for all members in a single adjudication." *Id.* at ¶ 30, quoting *Marks* at 204.

**{¶25}** It is not, however, sufficient for class certification under Civ.R. 23(B)(3) that the allegations of the complaint raise "a colorable claim." The plaintiff must demonstrate and the trial court must find "that questions common to the class in fact predominate over individual ones." *Cullen* at ¶ 33-34.

**{¶26}** Civ.R. 23(B)(3) sets forth a list of factors "pertinent" to the predominance and superiority findings required under Civ.R. 23(B)(3): (1) "the class members' interests in individually controlling the prosecution or defense of separate actions"; (2) "the extent and nature of any litigation concerning the controversy already begun by or against class members"; (3) "the desirability or undesirability of concentrating the litigation of the

claims in the particular forum" and (4) "the likely difficulties in managing a class action."

Civ.R. 23(B)(3)(a)-(d). This list, however, is not exhaustive; other relevant factors may also be considered. *State ex rel. Davis v. Pub. Emps. Retirement Bd.*, 111 Ohio St.3d 118, 2006-Ohio-5339, 855 N.E.2d 444, ¶ 27-28.

{¶27} In *Cullen*, the Ohio Supreme Court rejected class certification under Civ.R. 23(B)(3) where the plaintiffs were unable to establish by common proof a breach of duty by the defendants but would rather require individualized inquiries for each plaintiff. The *Cullen* court stated, "To meet the predominance requirement, a plaintiff must establish that issues subject to generalized proof and applicable to the class as a whole predominate over those issues that are subject to only individualized proof." *Cullen* at ¶ 30, quoting *Randleman v. Fidelity Natl. Title Ins. Co.*, 646 F.3d 347, 352-353 (6th Cir.2011).

{¶28} The same flaw exists in this case. Any common questions of law or fact in this instance fail to predominate over the voluminous individual questions that would need to be resolved. The trial court aptly pointed out that an individualized inquiry would be necessary for not just each potential class member, but every separate instance where such class members conducted a repair under the alleged limitations imposed by Progressive. The court would have to examine each repair and consider whether the additional services or parts that Progressive allegedly denied to the particular class member were necessary to restore the damaged vehicle in question to its pre-loss condition.

**{¶29}** Appellants argue that such an individualized inquiry would not be necessary but their reasoning is flawed. They ask that the trial court accept as established fact that each additional service, part and higher labor rate that Progressive allegedly denied them was necessary to properly repair every conceivable damaged vehicle. Appellants' theory leaves no room for Progressive to exercise its right to dispute these facts in this litigation. Because the resolution of these disputes would require a case-by-case analysis of every Progressive repair conducted by every member of the class, we cannot say that common questions of law or fact predominate over the looming mass of individualized inquires that would dominate this litigation.

**{¶30}** We find no abuse of discretion in the trial court's decision to deny class certification on appellants tortious interference claim under Civ.R. 23(B)(3).

**{¶31}** Appellants first and third assignments of error are overruled.

**{¶32}** The judgment of the trial court is affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, PRESIDING JUDGE

MARY J. BOYLE, J., and
SEAN C. GALLAGHER, J., CONCUR