Lanzinger, J.
{¶ 1} We accepted this discretionary appeal to consider two propositions concerning the definition of a class for purposes of a class action under Civ.R. 23. Appellants, United Telephone Company of Ohio and Sprint Nextel Corporation, ask us to hold that the trial court’s class certification is improper under Civ.R. 23 and that the case cannot be maintained as a class action. Because the class definition does not allow the class members to be readily identified, we reverse the court of appeals’ judgment and remand the case to the trial court so that it may clarify the class definition.
Case Background
{¶ 2} In June 2005, appellees, Stammco, L.L.C., d.b.a. The Pop Shop (“Stammco”), and its owners, Kent and Carrie Stamm, filed a complaint on behalf of themselves and all others similarly situated against United Telephone Company of Ohio, d.b.a. Sprint (“UTO”), and the Sprint Nextel Corporation (“Sprint”), who provided appellees with local and long-distance phone service. The complaint alleged that Stammco and other customers of UTO and Sprint had been damaged by appellants’ negligent acts and billing practices. Specifically, appellees alleged that UTO and Sprint had engaged in the practice of “cramming,” or causing unauthorized charges to be placed on their customers’ telephone bills. Appellees highlighted one incident, in which charges from a third party, Bizopia, appeared on Stammco’s phone bill. Although Bizopia claimed that it had secured from a Stammco employee authorization to charge fees on the bill, Stammco claimed that the employee had explicitly told Bizopia that he did not have the authority to authorize such charges.
{¶ 3} Pursuant to Civ.R. 23, appellees filed a motion for certification of the following class: “All individuals, businesses or other entities in the State of Ohio who are or who were within the past four years, subscribers to local telephone service from United Telephone Company of Ohio d.b.a. Sprint and who were billed for charges on their local telephone bills by Sprint on behalf of third parties without their permission. Excluded from this class are defendants, their affiliates (including parents, subsidiaries, predecessors, successors, and any other entity or its affiliate which has a controlling interest), their current, former, and future employees, officers, directors, partners, members, indemnities, agents, attorneys and employees and their assigns and successors.” The trial court *93 granted the motion for class certification, named the Stamms and Stammco class representatives, and designated their counsel as counsel for the class.
{¶ 4} UTO and Sprint appealed the order certifying the class, asserting in part that the trial court failed to carefully apply the requirements for class certification under Civ.R. 23 and that, as a matter of law, no class could ever properly be certified based upon appellees’ claims. After applying the factors in Civ.R. 23(A) and the four factors in Civ.R. 23(B)(3), the court of appeals held that the trial court had not abused its discretion in sustaining the motion to certify the class.
{¶ 5} After initially declining jurisdiction, Stammco, L.L.C. v. United Tel. Co. of Ohio, 120 Ohio St.3d 1488, 2009-Ohio-278, 900 N.E.2d 198, this court granted appellants’ motion to reconsider and accepted discretionary jurisdiction over appellants’ two propositions of law. Stammco, L.L.C. v. United Tel. Co. of Ohio, 121 Ohio St.3d 1430, 2009-Ohio-1296, 903 N.E.2d 327. The first states, “A plaintiff cannot define the class to include only individuals who were actually harmed.” The second states, “A class action cannot be maintained when only some class members have been injured.”
Legal Analysis
{¶ 6} Civ.R. 23 sets forth the requirements for maintaining a class action. We have noted that there are seven requirements for a class action to be maintained under this rule: “(1) an identifiable class must exist and the definition of the class must be unambiguous; (2) the named representatives must be members of the class; (3) the class must be so numerous that joinder of all members is impracticable; (4) there must be questions of law or fact common to the class; (5) the claims or defenses of the representative parties must be typical of the claims or defenses of the class; (6) the representative parties must fairly and adequately protect the interests of the class; and (7) one of the three Civ.R. 23(B) requirements must be met.” Hamilton v. Ohio Sav. Bank (1998), 82 Ohio St.3d 67, 71, 694 N.E.2d 442, citing Civ.R. 23(A) and (B) and Warner v. Waste Mgt., Inc. (1988), 36 Ohio St.3d 91, 521 N.E.2d 1091.
{¶ 7} In the present case, the trial judge and court of appeals determined that the class was proper under Civ.R. 23(B)(3), which provides that a class action may be maintained when “the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.” However, we have held that “[a]n identifiable class must exist before certification is permissible. The definition of the class must be unambiguous.” Warner v. Waste Mgt., Inc., 36 Ohio St.3d 91, 521 N.E.2d 1091, paragraph two of the syllabus. “ ‘[T]he requirement that there be a class will not be deemed satisfied unless the description of it is sufficiently definite so that it is administratively feasible for *94 the court to determine whether a particular individual is a member.’ 7A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure (2d Ed.1986) 120-121, Section 1760. Thus, the class definition must be precise enough ‘to permit identification within a reasonable effort.’ ” Hamilton v. Ohio Sav. Bank, 82 Ohio St.3d at 71-72, 694 N.E.2d 442, quoting Warner v. Waste Mgt., 36 Ohio St.3d at 96, 521 N.E.2d 1091.
{¶ 8} In Warner, the plaintiffs filed a lawsuit in response to alleged activities in and around a dump site by the defendants, including Waste Management, Inc. The trial court certified a class consisting of people who “lived, worked, resided or owned real property within a five-mile radius of the Waste Management * * * site.” Id. at 93, 521 N.E.2d 1091. We held that a class defined to include all people who had ever worked within five miles of a specific site did not permit identification of its members with a reasonable effort and that the trial court had abused its discretion in certifying a class whose members were not readily identifiable. Id. at 96, 521 N.E.2d 1091.
{¶ 9} On the other hand, in Hamilton, the trial court had denied plaintiffs’ motion seeking certification of a class and subclasses consisting of mortgagors on whose residential loans Ohio Savings Bank calculated interest according to a certain method. Hamilton, 82 Ohio St.3d at 69, 72, 694 N.E.2d 442. We held that an identifiable class existed because the trial court needed only to look at the actions or practices of Ohio Savings Bank to determine whether an individual was a member of the class or subclasses. Id. at 73, 694 N.E.2d 442. We rejected Ohio Savings Bank’s argument that the trial court would be required to conduct an individual inquiry into each prospective member’s knowledge or understanding of the method for calculating interest before ascertaining whether each person was a member of the proposed class. Because the bank was able to identify prospective class members with a reasonable effort, we concluded that there was an identifiable class. Id. at 72-73, 694 N.E.2d 442.
{¶ 10} In the case now before us, the class certified by the trial court does not have readily identifiable members and fails to meet the first requirement of Civ.R. 23 — that its definition be unambiguous. The class definition includes customers who “were billed for charges on their local telephone bills by Sprint on behalf of third parties without their permission.” This definition does not specify whether the customers were expected to give Sprint or the third parties authorization for billing, or whether the third parties were expected to obtain authorization from the customers for charges on the bill. In addition, in the phi-ase “their permission” in the class definition, it is unclear who the word “their” refers to. While one might assume that the word “their” refers to customers, it could be read to refer to either customers or third parties. Nor is it clear how authorization was to be accomplished — that is, whether written, verbal, *95 or any other form of permission was necessary to authorize billing, and to whom it should be given, whether directly to Sprint or to the third party. Because the definition is ambiguous, we are unable to rule on appellants’ objections to the class as currently defined.
{¶ 11} Furthermore, unlike in Hamilton, the trial court cannot readily identify prospective class members. In Hamilton, the court needed only to review the bank’s records to determine whether a person was a member of the class. Here, however, the court must determine individually whether and how each prospective class member had authorized third-party charges on his or her phone bill. The trial court must examine testimony by the person claiming to be a member of the class and what most likely will be conflicting testimony by Sprint or the third party. For example, the court must determine whether Stammco’s employee had authority to authorize Bizopia’s charges and whether the employee actually did so. Unlike the class in Hamilton, the class here cannot be ascertained merely by looking at appellants’ records. While it appears that the class is intended to consist only of customers who received unauthorized charges, the class definition prevents the class members from being identified without expending more than a reasonable effort. We conclude that a class action cannot be maintained under Civ.R. 23 using the class definition as stated and that the trial court abused its discretion in certifying the class as so defined.
{¶ 12} Rather than attempt to redefine the class ourselves, we remand the case to the trial court to do so, for two reasons. First, the parties did not have the opportunity to present and argue the merits of alternative class definitions in their briefs before us. Second, the trial judge who conducts the class action and manages the case must be allowed to craft the definition with the parties. See Marks v. C.P. Chem. Co., Inc. (1987), 31 Ohio St.3d 200, 201, 31 OBR 398, 509 N.E.2d 1249 (“A trial court which routinely handles case-management problems is in the best position to analyze the difficulties which can be anticipated in litigation of class actions. It is at the trial level that decisions as to class definition and the scope of questions to be treated as class issues should be made”). In Marks, we noted that “[e]ven if the appellate court does find an abuse of discretion, it should not proceed to formulate the class or issue itself.” Id. We thus conclude that it is proper for the trial court to redefine the class on remand.
{¶ 13} Because we remand the case to the trial court to clarify and complete the class definition, we do not reach appellants’ arguments that the class is a fail-safe class, that individualized issues predominate the class, that the class is unmanageable, and that a class action is not suitable for the issues present in this case.
*96 Conclusion
{¶ 14} We hold that the class certified by the trial court as presently defined does not permit its members to be identified with a reasonable effort. We therefore reverse the judgment and remand the cause to the trial court so that it may clarify the class definition in a manner consistent with this opinion.
Judgment reversed and cause remanded.
Lundberg Stratton, O’Connor, and O’Donnell, JJ., concur.
Moyer, C.J., and Cupp, J., concur in part and dissent in part.
Pfeifer, J., dissents and would affirm the judgment of the court of appeals.