Pfeifer, J.,
dissenting.
{¶ 68} I dissent and would affirm the decision of the court of appeals. I also dissented in Stammco, L.L.C. v. United, Tel. Co. of Ohio, 125 Ohio St.3d 91, 2010-Ohio-1042, 926 N.E.2d 292; the majority in that case remanded the case to the trial court to redefine the class. That was, it turns out, a fool’s errand. The majority decides today that the class is not capable of definition.
{¶ 69} That “inevitable result,” majority opinion at ¶ 52, allows the majority to ignore the fact that this court, after having originally denied jurisdiction in this matter, reconsidered that decision and allowed jurisdiction on just one of the appellants’ propositions of law. 132 Ohio St.3d 1425, 2012-Ohio-2729, 969 N.E.2d 272. That proposition of law reads:
Wal-Mart v. Dukes rejects Ojalvo’s interpretation of Eisen: A trial court does not abuse its discretion by evaluating the merits of the plaintiffs’ claims when denying class certification.
The majority ultimately agreed with the appellate court that the trial court had “err[ed] in basing its rejection of plaintiffs’ amended class definition on the determination that they would ultimately lose on the merits.” Majority opinion at ¶ 51. That should have ended this appeal.
{¶ 70} But the majority cites Apel v. Katz, 83 Ohio St.3d 11, 16, 697 N.E.2d 600 (1998), in holding that this court has “discretionary authority to decide the class-certification question.” Majority opinion at ¶ 52. The majority characterizes Apel as involving a situation where, “rather than remand issues to be resolved by the lower courts, we chose to decide the issues in this court based on the briefs filed therein.” Id. Apel concerned a dispute between neighbors over a roadway easement, and the dispute had dragged through the courts for nine years. Both parties in Apel argued that the court of appeals had erred by failing to address *248 issues that had not been made moot by the issue the court did decide. So this court decided those issues.
Murray & Murray Co., L.P.A., Dennis E. Murray Sr., and Donna J. Evans, for appellees.
Baker & Hostetler, L.L.P., Michael K. Farrell, John B. Lewis, and Karl Fanter, for appellants.
Linda S. Woggon, urging reversal for amicus curiae, Ohio Chamber of Commerce.
{¶ 71} This case is not about an error by the court of appeals in determining whether issues were moot. And here, this court itself limited the issues it was willing to consider. But ultimately, as in the two times it has reconsidered its decision to deny jurisdiction to the appellants in this case, this court changed its mind.
{¶ 72} This court’s decision today fits with the recent jurisprudence of the United States Supreme Court, “a Court bent on diminishing the usefulness of Rule 23.” Am. Express Co. v. Italian Colors Restaurant, — U.S. -, 133 S.Ct. 2304, 2320, 186 L.Ed.2d 417 (2013) (Kagan, J., dissenting). As a practical matter, Ohio citizens who suffer small, individual damages as a result of a business’s serial bad conduct are without a meaningful remedy unless they can convince the Ohio attorney general to get interested in their cases. This court is well on its way to consigning class actions in Ohio to the dustbin of legal history, joining workplace intentional torts. What is the next step in diminishing the role of courts?
O’Neill, J., concurs in the foregoing opinion.