[Cite as *Eighmey v. Cleveland*, 2017-Ohio-2857.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 104779

---

# ALLYSON EIGHMEY

### PLAINTIFF-APPELLEE

vs.

# CITY OF CLEVELAND, ET AL.

### DEFENDANTS-APPELLANTS

---

## JUDGMENT:
### REVERSED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-14-822702

**BEFORE:** E.T. Gallagher, J., Keough, A.J., and Boyle, J.

**RELEASED AND JOURNALIZED:** May 18, 2017

**ATTORNEYS FOR APPELLANT**

Barbara A. Langhenry
Law Director
City of Cleveland

BY:    Gary S. Singletary
Assistant City Prosecutor
601 Lakeside Avenue, Room 106
Cleveland, Ohio 44114


**ATTORNEYS FOR APPELLEE**

Frank A. Bartela
Nicole T. Fiorelli
Patrick J. Perotti
Dworken & Bernstein Co., L.P.A.
60 South Park Place
Painesville, Ohio 44077

EILEEN T. GALLAGHER, J.:

**{¶1}** Defendant-appellant, city of Cleveland ("Cleveland" or "the city"), appeals an order certifying a class of plaintiffs who claim the city issued  unlawful traffic citations generated by unmarked traffic cameras.   The city assigns one error for our review:

> The trial court erred in granting class certification as Plaintiff Eighmey is precluded from seeking judicial review and does not meet the requisite typicality requirement that would allow her to represent an identified class.

**{¶2}** We find merit to the appeal and reverse the trial court's judgment.

## I.   Facts and Procedural History

**{¶3}** In July 2005, Cleveland enacted Cleveland Codified Ordinances ("C.C.O.") 413.031, which authorized the use of automated cameras to impose civil penalties on individuals who exceed the posted speed limit or cross a marked stop line at a steady red light.   The ordinance provided that

> [a]t each site of a red light or fixed speed camera, the Director of Public Works shall cause signs to be posted to apprise ordinarily observant motorists that they are approaching an area where an automated camera is monitoring for red light or speed violators.

*Id*.   The ordinance also stated that "[m]obile speed units shall be plainly marked vehicles."   C.C.O. 413.031(g).

**{¶4}** On October 3, 2013, a mobile speed unit recorded a traffic violation committed by the plaintiffs' class representative, Allyson Eighmey ("Eighmey"), at the intersection of Detroit Avenue and West 32nd Street in Cleveland.   She later received the notice of violation in the mail and promptly paid her ticket on October 27, 2013.

**{¶5}** Four months later, in February 2014, Eighmey filed a class action complaint against Cleveland, alleging that the mobile unit that recorded her traffic violation failed to comply with the notice requirements of C.C.O. 413.031(g) because the unit contained "no distinguishable markings whatsoever." (Class Action Complaint ¶ 10.) Eighmey's traffic ticket specified the manner in which it could be appealed as required by C.C.O. 413.031(h). C.C.O. 413.031(k), which created the appeal procedure, states, in relevant part:

> A notice of appeal shall be filed with the Hearing Officer within twenty-one (21) days from the date listed on the ticket. The failure to give notice of appeal or pay the civil penalty within this time period shall constitute a waiver of the right to contest the ticket and shall be considered an admission.
>
> Appeals shall be heard by the Parking Violations Bureau through an administrative process established by the Clerk of the Cleveland Municipal Court. At hearings, the strict rules of evidence applicable to courts of law shall not apply. The contents of the ticket shall constitute a prima facie evidence of the facts it contains. Liability may be found by the hearing examiner based upon a preponderance of the evidence. If a finding of liability is appealed, the record of the case shall include the order of the Parking Violations Bureau, the ticket, other evidence submitted by the respondent or the City of Cleveland, and a transcript or record of the hearing, in a written or electronic form acceptable to the court to which the case is appealed.

**{¶6}** In the complaint, Eighmey alleged that challenging the citation would have been "futile because the City's own failure to comply with the ordinance is not one of the enumerated defenses to a notice of liability under C.C.O. 413.031." (Class Action Complaint ¶ 15.) Eighmey also asserted that the class of plaintiffs wrongfully cited by

unmarked mobile units was "so numerous that joinder of all members is impracticable." (Class Action Complaint ¶ 25.)

{¶7} Eighmey filed a motion in support of class certification. The city opposed the motion, arguing, in part, that Eighmey lacked standing to represent the class because she failed to exhaust her administrative remedies by appealing the citation as provided in the ordinance. The city also argued that Eighmey's claims were barred by res judicata because she did not contest the violation and paid her ticket.

{¶8} The trial court granted Eighmey's motion for class certification. In a written opinion, the court expressly found that Eighmey met all the requirements for class certification set forth in Civ.R. 23 and certified the following class:

> All persons (a) issued tickets or notices of Liability by a "mobile speed unit" under Cleveland Codified ordinance[s] § 413.031 et seq., (b) during the period September 25, 2013 to December 26, 2016, (c) which were not warnings, and (d) upon which there was not a finding of no liability pursuant to § 413.031(k).

The opinion did not mention the city's arguments regarding Eighmey's inability to represent the class due to her alleged failure to exhaust administrative remedies, res judicata, or standing. Rather, the court found that Eighmey's claims were typical of the class because "[t]here [wa]s no express conflict between the interests of named class representative, Allyson Eighmey, and the interests of putative class members." Cleveland now appeals the order of class certification.

## II. Law and Analysis

**{¶9}** In the city's sole assigned error, it argues the trial court erred in granting class certification because Eighmey, the purported class representative, fails to meet the typicality requirement of Civ.R. 23(A) that would allow her to represent the class.

**{¶10}** To be eligible for class certification pursuant to Civ.R. 23, a plaintiff must establish that (1) an identifiable and unambiguous class exists, (2) the named representative of the class is a class member, (3) the class is so numerous that joinder of all members of the class is impractical, (4) there are questions of law or fact that are common to the class ("commonality"), (5) the claims or defenses of the representative plaintiff or plaintiffs are typical of the claims and defenses of the members of the class ("typicality"), (6) the representative parties fairly and adequately protect the interests of the class ("adequacy"), and (7) one of the three requirements of Civ.R. 23(B) is satisfied. *Stammco, L.L.C. v. United Tel. Co. of Ohio*, 125 Ohio St.3d 91, 2010-Ohio-1042, 926 N.E.2d 292, ¶ 6.

**{¶11}** Failure to satisfy one of the Civ.R. 23(A) requirements is fatal to a request for class certification. *Musial Offices, Ltd. v. Cuyahoga Cty.*, 8th Dist. Cuyahoga No. 99781, 2014-Ohio-602, ¶ 19. The party seeking class certification bears the burden of demonstrating that the requirements of Civ.R. 23(A) and (B) are met. *Id*.

**{¶12}** The Ohio Supreme Court has held that "[a] trial judge has broad discretion in determining whether a class action may be maintained and that determination will not be disturbed absent a showing of an abuse of discretion." *Marks v. C.P. Chem. Co., Inc.*, 31 Ohio St.3d 200, 509 N.E.2d 1249 (1987), syllabus. We apply the abuse of discretion

standard in reviewing class action determinations to give deference to "the trial court's special expertise and familiarity with case-management problems and its inherent power to manage its own docket." *Id*. at 201.

{¶13} Nevertheless, "the trial court's discretion in deciding whether to certify a class action is not unlimited, and indeed is bounded by and must be exercised within the framework of Civ.R. 23." *Hamilton v. Ohio Sav. Bank*, 82 Ohio St.3d 67, 70, 694 N.E.2d 442 (1998). The trial court may only certify a class if it finds, after a rigorous analysis, that the moving party has demonstrated that all the factual and legal prerequisites to class certification have been satisfied. *Id*.

{¶14} Cleveland argues the trial court erred in granting class certification because Eighmey, the class representative, fails to meet the typicality requirement of Civ.R. 23(A). Cleveland does not challenge any of the other requirements of Civ.R. 23(A).

{¶15} A plaintiff's claim is typical "'if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory.'" *Baughman v. State Farm Mut. Auto. Ins. Co.*, 88 Ohio St.3d 480, 485, 727 N.E.2d 1265 (2000), quoting 1 Newberg, *Class Actions*, Section 3.13, 3-74 to 3-77 (3d Ed.1992). "'When it is alleged that the same unlawful conduct was directed at or affected both the named plaintiff and the class sought to be represented, the typicality requirement is usually met irrespective of varying fact patterns which underlie individual claims.'" *Id.* at 485, quoting 1 Newberg, *Class Actions*, Section 3.13, 3-74 to 3-77. The typicality requirement is met where "there is no express

conflict between the class representatives and the class." *Gattozzi v. Sheehan*, 8th Dist. Cuyahoga No. 103246, 2016-Ohio-5230, ¶ 17.

{¶16} Cleveland argues that Eighmey lacks standing and cannot legally represent the class because (1) she failed to exhaust administrative remedies, and (2) her claims are barred by res judicata. However, unique defenses applicable to the class representative will not destroy typicality of representation unless it is "so central to the litigation that it threatens to preoccupy the class representative to the detriment of the other class members." *Hamilton* at 78, quoting 5 Moore, *Federal Practice*, Section 23.25[4][b][iv], at 23-126, Section 23.24[6], at 23-98.

{¶17} In *Baughman*, the Ohio Supreme Court held that "'defenses asserted against a class representative should not make his or her claims atypical. Defenses may affect the individual's ultimate right to recover, but they do not affect the presentation of the case on the liability issues for the plaintiff class.'" *Baughman* at 486, quoting 1 Newberg, *Newberg on Class Actions*, Section 3.16, at 3-90 to 3-93. The doctrines of res judicata and failure to exhaust administrative remedies are affirmative defenses that relate to the merits of Eighmey's claims. *Lycan v. Cleveland*, 146 Ohio St.3d 29, 2016-Ohio-422, 51 N.E.3d 593, ¶ 30, *Dworning v. Euclid*, 119 Ohio St.3d 83, 2008-Ohio-3318, 892 N.E.2d 420, ¶ 11.

{¶18} These defenses may or may not destroy the typicality of Eighmey's class representation depending on how central they are to the litigation. *See Hamilton* at 78. However, as the Ohio Supreme Court explained in *Lycan*, standing is an entirely different

matter because rather than raising questions about the merits of the plaintiff's claims, it addresses justiciability. *Lycan* at ¶ 26. Standing is a jurisdictional prerequisite that must be resolved before reaching the merits of a suit. *Tate v. Garfield Hts.*, 8th Dist. Cuyahoga No. 99099, 2013-Ohio-2204, ¶ 11; *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214, ¶ 22.

{¶19} The doctrine of standing requires a court to satisfy itself that a plaintiff has alleged such a personal stake in the outcome of the controversy as to warrant his or her invocation of the court's jurisdiction. *Id.*; *see also Ohio Pyro, Inc. v. Ohio Dept. Of Commerce*, 115 Ohio St.3d 375, 2007-Ohio-5024, 875 N.E.2d 550 (a party must have standing to be entitled to have a court decide the merits of the dispute).

{¶20} Traditional standing principles require the plaintiff to show that she has suffered (1) an injury that is, (2) fairly traceable to the defendant's allegedly unlawful conduct, and (3) likely to be redressed by the requested relief. *Moore v. Middletown*, 133 Ohio St.3d 55, 2012-Ohio-3897, 975 N.E.2d 977, ¶ 22, citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). It is not sufficient for the individual to have a general interest in the subject matter of the action. To have standing, the plaintiff must be the party who will be directly benefitted or injured by the outcome of the action. *Tate* at ¶ 12.

{¶21} The fact that a plaintiff seeks to bring a class action does not change the standing requirements. *Hamilton*, 82 Ohio St.3d 67 at 74, 694 N.E.2d 442 (a class representative must have "proper standing"). Individual standing is a threshold

requirement of all actions, including class actions. *San Allen, Inc. v. Buehrer*, 8th Dist. Cuyahoga No. 94651, 2011-Ohio-1676, ¶ 11, citing *Hamilton* at 74.

**{¶22}** According to the complaint, Eighmey was injured by having to pay Cleveland a fine that was wrongfully generated by an unmarked mobile vehicle. However, Eighmey admitted in her complaint that she voluntarily paid the ticket. (Complaint ¶ 14.) C.C.O. 413.031(k) provides, in relevant part, that "[t]he failure to give notice of appeal or pay the civil penalty within this time period shall constitute a waiver of the right to contest the ticket." Thus, by paying her ticket, Eighmey waived her right to contest the ticket and she is barred from any recovery. She will neither benefit from, nor be harmed by, the litigation of other potential class members who may pursue viable claims. Eighmey cannot receive redress from this litigation and, therefore, lacks standing and is unable to represent the class.

**{¶23}** Finally, Eighmey argues her claims are not barred for failing to exhaust her administrative remedies because an appeal through the administrative process would have been futile. Indeed, parties are not required to pursue administrative remedies "'if doing so would be a futile or vain act.'" *Schneider v. Cuyahoga Cty. Bd. of Cty. Commrs.*, 8th Dist. Cuyahoga No. 103647, 2017-Ohio-1278, ¶ 20, quoting *State ex rel. Teamsters Local Union No. 436 v. Bd. of Cty. Commrs.*, 132 Ohio St.3d 47, 2012-Ohio-1861, 969 N.E.2d 224, ¶ 18-24.

**{¶24}** In *Teamsters*, the Ohio Supreme Court explained that "a 'vain act' occurs when an administrative body lacks the authority to grant the relief sought," and that "a

vain act does not entail the petitioner's probability of receiving the remedy." *Id. Teamsters* at ¶ 24. Eighmey contends an administrative appeal would have been futile in her case because C.C.O. 413.031(k), which lists affirmative defenses, did not expressly provide the right to challenge citations issued from unmarked mobile speed units. Therefore, she argues, the Parking Violations Bureau, which hears such appeals, lacked authority to excuse her violation even if it were issued unlawfully.

{¶25} However, the defenses listed in C.C.O. 413.031(k) are non-exhaustive. The ordinance specifically states that mobile speed units that issue violations "shall be plainly marked vehicles." C.C.O. 413.031(g). Just as motorists are required to comply with local ordinances, so too must the Cleveland Director of Public Safety and other city officials, who implement Cleveland's civil enforcement system. We see no reason why the city's failure to abide by the law could not stand as a valid defense to an unlawfully issued traffic citation under the ordinance in an appeal before the Parking Violations Bureau.

{¶26} Moreover, the Ohio Supreme Court has held that the administrative proceedings set forth in C.C.O. 413.031 and R.C. 2506.01, which authorizes appeals of administrative decisions to the common pleas court, provide an adequate remedy at law to aggrieved motorists in receipt of civil traffic violations. *State ex rel. Scott v. Cleveland*, 112 Ohio St.3d 324, 2006-Ohio-6573, 859 N.E.2d 923, ¶ 24. *See also Walker v. Toledo*, 143 Ohio St.3d 420, 2014-Ohio-5461, 39 N.E.3d 474, ¶ 28 (citing *Scott* for the proposition that administrative proceedings established to challenge civil traffic citations

generated by automated traffic cameras provide an adequate remedy at law.).  Therefore, because an appeal of Eighmey's civil traffic violation would not have been futile, her failure to pursue the appeal bars her from representing the class.

{¶27} Accordingly, the sole assignment of error is sustained.

{¶28} The trial court's judgment is reversed.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


EILEEN T. GALLAGHER, JUDGE

KATHLEEN ANN KEOUGH, A.J., and
MARY J. BOYLE, J., CONCUR