[Cite as *Konarzewski v. Ganley, Inc.*, 2017-Ohio-4297.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 104681

---

# WILLIAM KONARZEWSKI, ET AL.

PLAINTIFFS-APPELLEES

vs.

# GANLEY, INC., ET AL.

DEFENDANTS-APPELLANTS

---

## JUDGMENT:
## REVERSED AND REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-08-647589

**BEFORE:** S. Gallagher, J., Boyle, P.J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** June 15, 2017

**ATTORNEYS FOR APPELLANTS**

A. Steven Dever
A. Steven Dever Co., L.P.A.
13363 Madison Avenue
Lakewood, Ohio   44107

Georgia Hatzis
David D. Yeagley
Ulmer & Berne, L.L.P.
1660 West 2nd Street, Suite 1100
Cleveland, Ohio   44113


**ATTORNEYS FOR APPELLEES**

Lewis A. Zipkin
April Bensimone
In Son J. Loving
Zipkin Whiting Co., L.P.A.
3637 South Green Road
Cleveland, Ohio   44122

SEAN C. GALLAGHER, J.:

**{¶1}** Defendants-appellants Ganley, Inc. and Ganley Management Co. (collectively "defendants") appeal the trial court's decision to grant the motion for class certification of plaintiffs-appellees William Konarzewski and Rachel McCormick (collectively "plaintiffs"). Upon review, we reverse the decision of the trial court.

**{¶2}** On January 16, 2008, plaintiffs filed a class action complaint against defendants,[1] asserting claims individually and as representatives of a class of motor vehicle purchasers. The alleged claims included violations of the Ohio Consumer Sales Practices Act ("OCSPA"), violations of the Ohio Retail Installment Sales Act ("RISA"), intentional infliction of emotional distress, gross negligence, fraud, and breach of contract. The putative class action involves a claim under the OCSPA arising from defendants' use of certain form documents, namely a retail sales installment contract ("RISC") and a conditional delivery agreement ("CDA"), which were alleged to contain conflicting, misleading, unconscionable, and substantially one-sided terms.

**{¶3}** In the course of the proceedings, the parties filed summary judgment motions. On December 5, 2008, the trial court issued its ruling on the motions for summary judgment. In part, the trial court granted partial summary judgment to the plaintiffs, finding defendants' use of the RISC and CDA violated the OCSPA.

---

[1] Ganley Management Co. was sued as the entity that "owns, operates, manages, and/or controls" numerous "Ganley" dealerships that use substantially the same forms.

**{¶4}** Plaintiffs also filed a motion to certify a class action for the OCSPA claims, defining the purported class as follows:

> All consumers, who from within two years prior to the commencement of this action to the present, purchased or attempted to purchase a vehicle from Defendants or any dealership owned, operated, managed, or controlled by Ganley Management Co., which transaction involved the use of a RISC together with a CDA.

On December 5, 2008, the trial court issued a ruling that denied class certification.

**{¶5}** The ruling on class certification was reversed by a panel of this court in *Konarzewski v. Ganley, Inc.*, 8th Dist. Cuyahoga No. 92623, 2009-Ohio-5827 ("*Konarzewski* I"). Although the court determined that the Civ.R. 23 requirements for certifying a class action had been satisfied, the court found the proposed class definition was inconsistent with the limitations on damages under the OCSPA. *Id.* at ¶ 44-47. The court determined that the scope of available damages for class actions brought under the OCSPA is limited and that class action plaintiffs must prove actual damages under R.C. 1345.09(B). *Id.* at ¶ 44-46. As a result, the court found that the trial court had abused its discretion by failing to modify the class or giving plaintiffs the opportunity to modify the class to conform with the additional requirement of actual damages found in R.C. 1345.09(B) for class actions brought for violations of the OCSPA. *Id.* at ¶ 49. Importantly, in *Konarzewski* I, the class definition, as then proposed, was never certified.

**{¶6}** On remand, modified class definitions were proposed for certification. On June 10, 2016, the trial court granted class certification of a class defined as follows:

> All Ganley consumers who, from within two years prior to the commencement of this action to the present, purchased a vehicle involving the use of the RISC, together with the CDA, and did not receive the benefit of the bargain and as a result suffered actual damages.

The trial court recognized its duty to conduct a rigorous analysis when determining whether to certify a class pursuant to Civ.R. 23 and considered the Civ.R. 23 factors. The court determined that plaintiffs satisfied the requirements of Civ.R. 23 for class certification and that the class definition was sufficient to comply with the requirement of R.C. 1345.09(B) that class members must have actual damages to pursue a class action under the OCSPA. The court certified the class under Civ.R. 23(B)(3), as the only subsection applicable to the case.

**{¶7}** Defendants timely filed this appeal challenging the trial court's decision to grant class certification.

**{¶8}** A trial court has broad discretion in determining whether to certify a class action, and its determination will not be disturbed absent an abuse of discretion. *Marks v. C.P. Chem. Co., Inc.*, 31 Ohio St.3d 200, 509 N.E.2d 1249 (1987), syllabus. The trial court's discretion is not unlimited, but is bound by and must be exercised within the framework of Civ.R. 23. *Hamilton v. Ohio Savs. Bank*, 82 Ohio St.3d 67, 70, 1998-Ohio-365, 694 N.E.2d 442.

**{¶9}** "[A] party seeking certification pursuant to Civ.R. 23 bears the burden of demonstrating by a preponderance of the evidence that the proposed class meets each of

the requirements set forth in the rule." *Cullen v. State Farm Mut. Auto Ins. Co.*, 137 Ohio St.3d 373, 2013-Ohio-4733, 999 N.E.2d 614, ¶ 15. The Ohio Supreme Court has noted the following seven requirements that must be met in order for a class action to be maintained under Civ.R. 23:

> (1) an identifiable class must exist and the definition of the class must be unambiguous; (2) the named representatives must be members of the class; (3) the class must be so numerous that joinder of all members is impracticable; (4) there must be questions of law or fact common to the class; (5) the claims or defenses of the representative parties must be typical of the claims or defenses of the class; (6) the representative parties must fairly and adequately protect the interests of the class; and (7) one of the three Civ.R. 23(B) requirements must be met.

*Hamilton* at 71, citing Civ.R. 23(A) and (B), and *Warner v. Waste Mgt.*, 36 Ohio St.3d 91, 521 N.E.2d 1091 (1988). Class certification must be denied upon the failure to meet any one of the Civ.R. 23 requirements. *Blue Ash Auto, Inc. v. Progressive Cas. Ins. Co.*, 8th Dist. Cuyahoga Nos. 104251 and 104252, 2016-Ohio-7965, ¶ 11.

{¶10} As an initial matter, we reject any contention by plaintiffs that we are somehow bound by the determinations made in *Konarzewski* I, 8th Dist. Cuyahoga No. 92623, 2009-Ohio-5827. In that appeal, the Civ.R. 23 requirements were considered with regard to the proposed class then before the court. That proposed class was never certified, nor was a mandate issued for class certification. Rather, the case was remanded for modification of the class definition, albeit to comport with the requirement of actual damages found in R.C. 1345.09(B). That decision has no effect upon the review of a subsequently certified class. We find nothing in the doctrine of the law of the case that would preclude a court from revisiting the class certification requirements

with regard to a modified or revised class definition. Class certification cannot be granted unless all requirements for class certification have been met, and the court is required to conduct a rigorous analysis in making its determination. *Cullen* at ¶ 16.

{¶11} We also must recognize that there have been intervening decisions by the Ohio Supreme Court since the decision in *Konarzewski* I, including *Cullen*; *Felix v. Ganley Chevrolet, Inc.*, 145 Ohio St.3d 329, 2015-Ohio-3430, 49 N.E.3d 1224; and *Stammco, L.L.C. v. United Tel. Co.*, 125 Ohio St.3d 91, 2010-Ohio-1042, 926 N.E.2d 292, ¶ 11. We are not persuaded by plaintiffs' arguments to the contrary. Each of the Ohio Supreme Court decisions represents an intervening change in the law with respect to certification of a class action that is applicable in this matter. It is well settled that an intervening decision by the Ohio Supreme Court is an extraordinary circumstance that creates an exception to the law-of-the-case doctrine and must be followed by inferior courts. *Hopkins v. Dyer*, 104 Ohio St.3d 461, 2004-Ohio-6769, 820 N.E.2d 329, ¶ 1, 23.

{¶12} In *Cullen*, the Ohio Supreme Court indicated that the rigorous analysis "requires the court to resolve factual disputes relative to each requirement and to find, based upon those determinations, other relevant facts, and the applicable legal standard, that the requirement is met." *Cullen*, 137 Ohio St.3d 373, 2013-Ohio-4733, 999 N.E.2d 614, at ¶ 16. A trial court may examine the underlying merits of the claim as part of its rigorous analysis, but only to the extent necessary to determine whether the Civ.R. 23 requirements are satisfied. *Id.* at ¶ 17. Further, "deciding whether a claimant meets the burden for class certification pursuant to Civ.R. 23 requires the court to consider what

will have to be proved at trial and whether those matters can be presented by common proof." *Id*. at ¶ 17.

{¶13} In *Felix*, which involved the certification of a class for claims based on alleged violations of the OCSPA, the Ohio Supreme Court found that "[p]roof of actual damages is required before a court may properly certify a class action." *Id*. at ¶ 31. The court recognized that at the class-certification stage, plaintiffs "must demonstrate that they can prove, through common evidence, that all class members were in fact injured by the defendant's actions." *Id*. at ¶ 33, citing *In re Rail Freight Fuel Surcharge Antitrust Litigation - MDL No. 1869*, 725 F.3d 244, 257 (D.C.Cir.2013). The court indicated that although the precise amount of damages incurred by each class member need not be shown, the "fact of damage," which requires that "all class members suffered *some* injury," must be shown by common evidence. *Felix* at ¶ 33. "If the class plaintiff fails to establish that all of the class members were damaged (notwithstanding questions regarding the individual damages calculations for each class members), there is no showing of predominance under Civ.R. 23(b)(3)." *Id*. at ¶ 35. "'[A] proposed class action requiring the court to determine individualized fact of damages does not meet the predominance standards of Rule 23(b)(3).'" *Id*. at ¶ 34, quoting *Gonzales v. Comcast Corp.*, E.D.Cal. No. 10-cv-01010-LJO-BAM, 2012 U.S. Dist. LEXIS 196, 55 (Jan. 3, 2012). Under the circumstances in *Felix*, the court determined that the class was broadly defined and there was "absolutely no showing that all of the consumers who purchased

vehicles through a contract with the offensive arbitration provision were injured by it or suffered any damages." *Id.* at ¶ 37.

{¶14} As was the case in *Felix*, we find the requirement of Civ.R. 23(B)(3) was not satisfied in this matter. The trial court found that of the Civ.R. 23(B) requirements, only subsection (3) is applicable. This is not disputed by the parties. For a class to be certified under Civ.R. 23(B)(3), the trial court must find (1) "that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members" and (2) "that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." *Cullen* at ¶ 29.

{¶15} The modified class definition includes purchasers who "did not receive the benefit of the bargain and as a result suffered actual damages." We recognize that this definition attempts to comport with the actual damages requirement under the OCSPA. However, consideration must be given to how those purchasers who suffered actual damages are to be ascertained. As recognized by the Ohio Supreme Court: "'the CSPA's damages limitation impacts not only the damages that may ultimately be recovered by a properly certified class but whether a putative class may be properly certified as a Civ.R. 23(B)(3) CSPA class in the first instance.'" *Cullen*, 137 Ohio St.3d 373, 2013-Ohio-4733, 999 N.E.2d 614, at ¶ 40, quoting *Felix v. Ganley Chevrolet, Inc.*, 8th Dist. Cuyahoga No. 98985, 2013-Ohio-3523, ¶ 72 (Rocco, J., dissenting).

{¶16} We recognize that the trial court was cognizant of the decision in *Konarzewski* I and did attempt to conduct the rigorous analysis required under *Cullen* in

determining whether to grant class certification. However, the trial court's analysis was flawed. The trial court glossed over the individualized determinations necessary for determining whether members of the putative class in fact suffered damages. The trial court found that it had "already determined the defendants' use of the RISC and CDA violated the Ohio CSPA" and that the liability arising from the OCSPA violations was "common to the class and predominates over the issue of actual damages." However, "[a] colorable claim does not satisfy the requirements of Civ.R. 23." *Cullen* at ¶ 34. In order to satisfy Civ.R. 23(C), plaintiffs must demonstrate and a trial court is required to find that questions common to the class in fact predominate over individual ones. *Id.*

{¶17} The trial court recognized that the issue of calculating each class member's damages would require an individualized determination. However, the court did not consider whether there was any common proof showing that each class member was in fact damaged by defendants' conduct. The trial court found it unnecessary to the analysis and proceeded to determine that "defendants' liability arising from their CSPA violations is common to the class and predominates over the issue of actual damages." The trial court's opinion is in direct contravention of the Ohio Supreme Court's decision in *Felix,* which holds that "[p]roof of actual damages is required before a court may properly certify a class action" and that plaintiffs "must adduce common evidence" demonstrating that all class members suffered some injury. *Felix*, 145 Ohio St.3d 329, 2015-Ohio-3430, 49 N.E.3d 1224, at ¶ 31, 33. The trial court never recognized the *Felix* decision, despite it being cited by defendants in opposition to class certification.

Moreover, insofar as the trial court deemed the issue of defendants' liability common to the class, "[t]here is no authority in the statutory scheme or in our precedent to support a damages award to a class member in class action litigation arising from the OCSPA absent a showing that the class member was injured and sustained damages as a result of the defendant's conduct." *Felix* at ¶ 38.

{¶18} Similar to *Felix*, the plaintiffs herein failed to demonstrate that they can prove, through common evidence, that all class members were in fact injured by defendants' use of the RISC and CDA forms. There is no common proof of "the fact of damage." Rather, the question of whether a particular purchaser suffered actual damage as a result of the use of the two form documents turns on individualized facts and evidence. Because resolution of the issue of actual damages would require a case-by-case analysis of each transaction, we cannot say that common questions of law or fact predominate over individualized inquiries. The need for such individualized inquiries precludes class certification under Civ.R. 23(B)(3). *Felix* at ¶ 34; *Ford Motor Credit Co. v. Agrawal*, 8th Dist. Cuyahoga No. 103667, 2016-Ohio-5928, ¶ 26, 34 (finding class certification under Civ.R. 23(B)(3) was not proper because uniform application of a "clean" standard and determination of the fact of injury to all lessees was not susceptible to common class-wide proof); *Blue Ash Auto, Inc.*, 8th Dist. Cuyahoga Nos. 104251 and 104252, 2016-Ohio-7965, at ¶ 29-30 (finding denial of class certification proper where resolution of the dispute would require a case-by-case analysis of every repair conducted by each potential class member).

{¶19} Plaintiffs' "benefit of the bargain" argument does not alter our analysis. We also reject plaintiffs' argument pertaining to a "document preparation fee," which is not related to the use of the CDA and RISC forms. As the court held in *Felix*, "all members of a class in class action litigation alleging violations of the OCSPA must have suffered injury as a result of the conduct challenged in the suit." *Felix* at ¶ 36. In *Felix*, the court found, under circumstances akin to this matter, as follows:

> Here, the class, as certified, fails because there is no showing that all class members suffered an injury in fact. The broadly defined class encompasses consumers who purchased a vehicle at Ganley through a purchase contract that contained the unconscionable arbitration provision. But there is absolutely no showing that all of the consumers who purchased vehicles through a contract with the offensive arbitration provision were injured by it or suffered any damages.

*Felix* at ¶ 37.

{¶20} Further, "a plaintiff seeking to certify a class based on allegedly common documents and procedures must establish that the documents and procedures were, in fact, uniformly applied to every potential class member." *Agrawal* at ¶ 23, citing *Cullen*, 137 Ohio St.3d 373, 2013-Ohio-4733, 999 N.E.2d 614. Even the trial court acknowledged that not all consumers who purchased a vehicle from defendants involving the use of the RISC and CDA forms suffered damages. As defendants claim, "the question whether the forms had any impact on any given transaction is highly variable and individualized." Purchasers might have purchased a different vehicle, put more money down, obtained a co-signer, or revised the terms of their transaction. As in *Felix*, because there is no class-wide proof of injury and actual damages arising as a result of the

use of the forms, there is no showing of predominance under Civ.R. 23(B)(3). *See Felix*, 145 Ohio St.3d 329, 2015-Ohio-3430, 49 N.E.3d 1224, at ¶ 35.

**{¶21}** The Ohio Supreme Court also has held that class certification under Civ.R. 23 is not proper when the class definition prevents class members from being identified without expending more than a reasonable effort. *Stammco,* 125 Ohio St.3d 91, 2010-Ohio-1042, 926 N.E.2d 292, at ¶ 11 (finding certification improper where the trial court would have to determine individually whether and how each prospective class member had authorized third-party charges on his or her phone bill). Here, the trial court would have to conduct a transaction-by-transaction inquiry into whether actual damages were sustained. Therefore, plaintiffs also have failed to meet the first requirement of Civ.R. 23 — that an identifiable class must exist and the definition of the class must be unambiguous.

**{¶22}** Accordingly, we find the trial court abused its discretion in granting class certification pursuant to Civ.R. 23(B)(3). We further find that the class definition does not permit class members to be identified without expending more than a reasonable effort. The assigned error is sustained, and we need not address the remaining arguments raised.

**{¶23}** The trial court's decision granting class certification is reversed. We remand for further proceedings consistent with this opinion.

**{¶24}** Judgment reversed; case remanded.

It is ordered that appellees recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

MARY J. BOYLE, P.J., and
ANITA LASTER MAYS, J., CONCUR